PINEL v. RAPID RAILWAY SYSTEM.

MASTER AND SERVANT — WORKMEN'S COMPENSATION — DEPENDENT RELATIVES—PARENT AND CHILD.

A woman who has been receiving no support from her son, and who was not dependent upon him, is not entitled to compensation for his death in the course of his employment under Act No. 10, Extra Session 1912, 2 How. Stat. (2d Ed.) § 3953; since it is apparent that the son is not under legal obligation to support his parent until an order of the court has been made requiring him to contribute thereto. 2 Comp. Laws, § 4487 (2 How. Stat. [2d Ed.] § 3478). The situation as to the dependency is to be determined as of the date of the accident to decedent. Act No. 10, Extra Session 1912, § 7.

Certiorari to the Industrial Accident Board. Submitted April 21, 1914. (Docket No. 96.) Decided January 29, 1915.

Rachel Pinel presented her claim against the Rapid

Railway System, a corporation, for compensation caused by the death of her son while he was employed by said company. An order denying an award of compensation is reviewed by claimant on certiorari. Affirmed.

*Devine & Snyder,* for claimant.

*Corliss, Leete & Moody* and *Benjamin S. Pagel,* for contestant.

BIRD, J. Edward Pinel was in the employ of the respondent, and was killed while in such employment on May 29, 1913. He left him surviving neither widow nor child. He left a mother 83 years of age, who is claimant herein, and several brothers and sisters. Application was made to the Industrial Accident Board on behalf of claimant for an award. After hearing the proofs the award was denied by the arbitration board on the ground that claimant was not dependent on the deceased. On appeal to the Industrial Accident Board, the same result was reached. The claimant has a life lease on a farm of 87 acres in Macomb county. Her son Charles resides with her. The deceased, Edward, and his brother Thomas were the owners of a mortgage against the farm, and more or less litigation has ensued in the past few years between them and claimant, and as a result thereof they have been unfriendly. It is not contended that the claimant was dependent upon the deceased by reason of any contributions made to her by the deceased, but by reason of the fact that he was a son who might be compelled to contribute to her support by 2 Comp. Laws, § 4487 *et seq.* (2 How. Stat. [2d Ed.] § 3478 *et seq.*).

The question, therefore, presented is whether the claimant was a dependent on the deceased, within the meaning of the compensation law, by reason of the

provisions of 2 Comp. Laws, § 4487 *et seq.* (2 How. Stat. [2d Ed.] § 3478 *et seq.*).

Section 7 of part II of the compensation law (Act No. 10, Extra Session 1912, 2 How. Stat. [2d Ed.] § 3953), provides that:

"Questions as to who constitute dependents and the extent of their dependency shall be determined as of the date of the accident to the employee, and their right to any death benefit shall become fixed as of such time, irrespective of any subsequent change in conditions." Act No. 10, Pub. Acts 1912.

The claimant did not belong to the class conclusively presumed by the compensation law to be a dependent. On the date of the accident it is conceded claimant was not dependent by reason of any support furnished to her by the deceased. On the date of the accident she was not dependent on the deceased by force of any order of court based upon section 4487 *et seq.*

A son is always under moral obligation to assist his indigent mother, but he is under no legal obligation to do so until proceedings under the statute have resulted in an order compelling him to do so. No such order was in force at the time of the accident; therefore we must conclude that he was under no legal obligation at that time to support his mother. See *Rees* v. *Navigation Co.*, 87 L. T. 661, 5 W. C. C. 117; *Schwanz* v. *Wujek*, 163 Mich. 492 (128 N. W. 731). The most that can be said of the statute, with reference to the question involved, is that by its terms a court of competent jurisdiction might have, under certain contingencies, compelled the deceased, if able, to contribute to the support of his mother. The contention of claimant cannot be sustained.

The order of the board will be affirmed.

BROOKE, C. J., and MCALVAY, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.