[Civ. No. 2375.   Second Appellate District.—October 23, 1917.]

## WESTERN INDEMNITY COMPANY, INC., et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Workmen's Compensation Act—Filing of Application for Compensation — Insufficient Authority — Unauthenticated Letter.— An unauthenticated letter written by the father of an employee killed in the course of his employment to a third person not related to the parties, purporting to authorize the latter to apply for adjustment of the claim for compensation to the Industrial Accident Commission, is not sufficient legal authority to initiate the proceedings.

Id.—Dependency of Applicant — Unwarranted Finding — Hearsay Evidence.—A finding of the Industrial Accident Commission that a deceased son contributed to his father's support by sending money to him in a foreign country is unwarranted where the finding is based solely upon the testimony of the person with whom the deceased had deposited money that from time to time the deceased requested an advancement of money, saying that he wanted it to send home.

Id.—Reimbursement for Funeral Expenses — Absence of Application—Commission Without Jurisdiction.—The Industrial Accident Commission, in the absence of an application for reimbursement, has no jurisdiction to make an allowance to a third person for money paid for burial expenses of a deceased employee.

APPLICATION for a Writ of Review originally made to the District Court of Appeal for the Second Appellate District to annul an award of the Industrial Accident Commission.

The facts are stated in the opinion of the court.

Duke Stone, for Petitioners.

Christopher M. Bradley, for Respondent.

SHAW, J.—*Certiorari* to review an order of the Industrial Accident Commission whereby an award of compensation was made to William Pavlovic as a dependent of his son, Nick Pavlovic, who died from injuries sustained by an accident while in the employ of John R. Glick, who held an insurance policy issued by the Western Indemnity Company covering such liability.

It appears from the record that William Pavlovic has at all times lived in Austria; that the accident wherein his son, who was a common laborer, sustained the injuries as a result of which he died on September 5, 1915, occurred on September 2, 1915. The application for adjustment of the claim was filed on August 17, 1916, by Stephen Pavlovic, as attorney in fact of William Pavlovic, to whom he bore no relation. Authority for such action had and taken by Stephen Pavlovic was an unauthenticated letter received by him from William Pavlovic, which letter was not written or signed by the latter, but for him by another. In our opinion, this unauthenticated letter written by the father purporting to authorize Stephen Pavlovic to act in the matter constituted no legal authority for the action taken by Stephen Pavlovic in filing the application. After the filing of the same and the partial hearing of the matter, Stephen Pavlovic received and presented what purported to be a power of attorney, signed by William Pavlovic, authorizing him to initiate the proceeding. Waiving the question as to whether or not such purported power of attorney would cure the irregularity, there is nothing in the record indicating that such document was acknowledged or its execution proved in a manner which could be deemed a sufficient authentication thereof.

While petitioners insist that no party in interest filed the application, as required by section 22 of the Workmen's Compensation Act, their chief contention is that there was no legal evidence of any kind or nature showing that William Pavlovic was a dependent of his son, Nick Pavlovic, at the time of his death. The evidence shows that deceased was twenty-two

years old; that he had been in this country about four years; that for the purpose of providing means to procure his transportation from Austria to the United States, his father advanced him the sum of $130 and which he repaid. There is an entire absence of legal evidence tending to show that during said four years of his life spent in the United States he contributed anything whatsoever to the support of his father, William Pavlovic, or sent him any money other than the $130 in repayment of the loan made. The order made is based solely upon hearsay testimony of Stephen Pavlovic, who filed the application, which is to the effect that deceased deposited his money with him, which in fact is untrue, since it was deposited with his wife, and that he from time to time, at the request of deceased, advanced money to him upon the statement of deceased that he wanted to send money home, and he supposed he did so. But other than what was told him, he knew nothing about it. While section 77, subdivision *a,* of the act provides that "hearsay or testimony not competent to be admitted in a trial court" may be received, its purpose and effect are restricted to "statements, written or oral, of a person who is dead or who cannot after diligent search be found," and which *"relate directly to the injury in question."* There is nothing in this provision which by any interpretation could warrant a finding that deceased contributed to his father's support by sending him money; the sole basis of which is testimony to the effect that deceased had requested from his depositary an advancement of money, saying that it was intended for such purpose. Conceding the relation of father and son and that the former was in indigent circumstances, nevertheless there is no evidence whatsoever which tends in the remotest degree to show any recognition of his needs on the part of the son, or that he ever contributed anything whatever to his support.

By its order the commission made an allowance of one hundred dollars to Stephen Pavlovic for funeral expenses paid by him in the burial of deceased. Section 22 of the act provides that jurisdiction of the commission is obtained upon the filing therewith of an application in writing by a party interested, stating the nature of the controversy, or concerning any liability arising out of or incident thereto. No application was at any time made by Stephen Pavlovic for reimbursement for such expenditure, and in the absence

thereof the commission had no jurisdiction to make an allowance to him upon the sole ground that in the course of the proceedings it appeared that he, a stranger to the record, had made such disbursement.

The order is annulled.

Conrey, P. J., and James, J., concurred.