GLOBE GRAIN & MILLING CO et al. v. INDUSTRIAL COMMISSON OF UTAH.

No. 3535.   Decided November 12, 1920.   (193 Pac. 642.)

1. MASTER AND SERVANT—REVIEWING COURT WILL EXAMINE RECORD ONLY TO DETERMINE WHETHER THERE IS ANY EVIDENCE TO SUPPORT AWARD UNDER COMPENSATION LAW. In reviewing a finding by the Industrial Accident Commission on the question of dependency of a parent claiming benefits under the Workmen's Compensation Act (Comp. Laws 1917, § 3140) for the death of a son, the Supreme Court, in exercising the powers conferred by Laws 1919, c. 63, § 3148a, will examine into the evidence only to determine whether there is any substantial competent evidence to support the finding, and if there is such

Certiorari.  Award Annulled

evidence the finding will be sustained; but, if there is no substantial competent evidence to support the finding, the award will be annulled, under the well-settled rule that, where there is no conflict in the evidence and no conflicting inferences may be drawn therefrom, the question whether the finding is supported by the evidence or not is a question of law.

2.  MASTER AND SERVANT—DEPENDENCY WITHIN COMPENSATION ACT. Under the Workmen's Compensation Act (Comp. Laws 1917, § 3140), dependency of a parent claiming benefits for a son's death must exist at the time of the injury, although it may not be necessary to show that contributions were made at the precise time of the injury; but, to establish dependency, it is not sufficient merely to show that the deceased made some voluntary gifts or contributions at some remote time prior to the injury, nor is it sufficient that the deceased promised or intended, in case it became necessary in the future, to make contribution to his parent or parents who might become dependent.

3.  MASTER AND SERVANT—EVIDENCE HELD NOT TO SHOW FATHER'S DEPENDENCY ON SON WITHIN COMPENSATION ACT. In a proceeding under the Workmen's Compensation Act (Comp. Laws 1917, § 3140) to recover compensation for the death of a son 20 years of age, *held* that there was no substantial evidence to support the finding of the commission that applicant was a dependent.

Appeal from Award of State Industrial Commission.

Proceeding by Martin Groen under the Workmen's Compensation Act to obtain compensation for the death of his son, Dirk Groen, opposed by the Globe Grain & Milling Company, the employer, and the Continental Casualty Company, insurance carrier. There was an award of compensation, and the employer and insurance carrier appeal.

AWARD ANNULLED and cause remanded.

*George H. Smith* and *Robert B. Porter,* both of Salt Lake City, for appellants.

*H. B. Maw,* of Salt Lake City, for appellee.

FRICK, J.

On August 30, 1919, one Dirk Groen, hereinafter referred to as the deceased, while in the employ of the Globe Grain & Milling Company, and in the course of his employment, was injured, from which injury he subsequently died. The deceased, at the time of his death was 20 years and 11 months of age, and his father, Martin Groen, hereinafter referred to as applicant, made application to the Industrial Commission, hereinafter styled commission, for compensation under our Workmen's Compensation Act. Two of the commissioners (one dissenting) made an award in favor of the applicant. The Globe Grain & Milling Company, the employer of the deceased, and the Continental Casualty Company, the insurance carrier, hereinafter called plaintiffs, present the record of the proceedings before the commission, including all the evidence produced at the hearing, to this court for review, and ask that the award be set aside and annulled upon the ground that the evidence does not support the findings of the commission and does not justify the award.

The act known as the Industrial Commission Act authorizes this court to review the findings of the commission in certain particulars, to wit: (1) "Whether  *  *  *  the commission acted without or in excess of its powers;" and (2) "if findings of fact are made, whether or not such findings of fact support the award under review." Laws Utah 1919, c. 63, § 3148a. This court has repeatedly held that it will not weigh the evidence, but will examine the same for the purpose only of determining whether there is any substantial competent evidence to sustain the findings or to support the award made by the commission. In this case the plaintiffs vigorously assail the award upon the ground that there is no evidence whatever in support of the finding that the applicant was to any degree dependent upon the deceased at the time of his injury and death. Our statute (Comp. Laws Utah 1917, § 3140), after defining who are presumed to be dependents as matter of law, in referring to cases like the one at bar, proceeds:

Certiorari.  Award Annulled

"In all other cases, the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case *existing at the time of the injury* resulting in the death of such employé, but no person shall be considered as dependent unless a member of the family of the deceased employé, or bears to him the relation of husband or widow, lineal descendent, ancestor, or brother or sister." (Italics ours.)

While it is conceded that the applicant comes within the statute just quoted, yet it is insisted that the evidence utterly fails to establish the fact of dependency.  In that connection counsel for applicant insists that under the statute the question of dependency is one of fact, and in view that the commission has found that fact in favor of the applicant this court is bound by the finding of the commission.

As before stated, this court will examine into the evidence only to determine whether there is any substantial competent evidence in support of the findings of the commission. If there is such evidence the findings will be sustained, but if there be no substantial competent evidence to support the findings this court, on application of the aggrieved party, is required to annul the award which is based on such findings.  It is elementary that if there is no conflict in the evidence and no conflicting inferences may be drawn therefrom the question of whether a particular finding is supported by the evidence or not is purely a question of law.  The rule is well stated by the Supreme Court of Appeals of West Virginia in the headnote to the case of *Poccardi* v. *State Comp. Com'r*, 79 W. Va. 684, 91 S. E. 633, in the following words:

"The question of dependency in England and in this country, under Workmen's Compensation Law, is one of fact and not of law, to be determined by the evidence in each particular case; but where the evidence is all certified and there is no conflict, a question of law, and not of fact, may be thus presented."

The question for solution in this case therefore is whether there is any substantial competent evidence in this record in support of the finding that the applicant was dependent upon the deceased at the time of his injury and death.

The plaintiffs produced no evidence at the hearing, and hence the finding of the commission is based solely upon the

evidence produced by the applicant. Briefly stated, the controlling facts deduced from the evidence are that the applicant came to this country from Holland about seven years prior to the death of the deceased; that his first wife died in Holland, and that he remarried about 4 years prior to the accident; that at the time of the death of the deceased applicant's family consisted of his wife and a daughter 16 years of age, who lived with him; that the deceased joined the United States army in September, 1917, as a volunteer; that during the year 1917 the deceased from his earnings prior to entering the army gave the applicant $10 at three different times, making $30 in all, which he used in paying an indebtedness which he incurred in bringing his family to this country from Holland; that while the deceased was in the army he purchased three $50 Liberty Bonds, which he sent home to applicant, and which the latter returned to the deceased after he returned from France. In testifying to the circumstances under which he received the $30 aforesaid, the applicant, in answer to the following questions, testified:

"Q. Did he [the deceased] ever give you any other money at any time? A. No, not any other time. Q. What was that money given to you for? A. That was to help me out to pay for the emigration."

The testimony of applicant's wife is precisely to the same effect. The $30 were given to him during the summer of 1917, or several years prior to the death of the deceased. While there is not a scintilla of evidence that the deceased ever gave the applicant anything after that time, there is evidence coming from the latter that he did not. True, the applicant says that he might have used the proceeds from the three $50 Liberty Bonds, but that he did not do so, because he thought the deceased needed the money for clothes, etc., after he returned from France and was discharged from the army. It is also true that the applicant testified that the deceased told him that in case he, the applicant, should ever need help the deceased would help him; that the applicant did the same thing by his father, and that he felt certain that the deceased would do by him the same as he had done by

his father in case of necessity.   After the deceased returned from France he stayed for several weeks at applicant's home with the family.   He generally lived away from home, however, at least after the year 1915, and provided for himself. The question, therefore, is, Does the foregoing evidence and the inferences to be deduced therefrom support the fact of dependency?

It should be remembered that under the Compensation Act the dependency must exist at the time of the injury of the deceased resulting in death.   Such is the purport of our statute, and to that effect are all of the decisions based upon such acts.   In a recent case entitled *Western Indemnity Co.* v. *Industrial Acc. Com.*, 35 Cal. App. 104, 169 Pac. 261, the California Court of Appeals, in passing upon a case where the facts are similar to those in the case at bar, in the course of the opinion, says:

"The evidence shows that the deceased was 22 years old; and that he had been in this country  *  *  *  four years; that for the purpose of providing means to procure his transportation from Austria to the United States, his father advanced him the sum of $130, and which he repaid.   There is an entire absence of legal evidence tending to show that during said four years of his life spent in the United States he contributed anything whatsoever to the support of his father, William Pavlovic, or sent him any money other than the $130 in repayment of the loan."

There was some hearsay evidence in support of the award, but the court disregarded it.   It was accordingly held that the award made by the commission should be annulled. While it is true that in this case it appeared the deceased did not repay to the applicant a loan, yet the money was given to the latter for the purpose of paying a debt which he had incurred in bringing his family, including the deceased, to this country from Holland.   The money was not given, nor intended, for the support of the applicant or his family, and he did not so contend at the hearing.   In 1 Honnold, Workmen's Compensation, in speaking of the character of contributions from which dependency may be inferred, the author says:

"Occasional gifts, not being contributions for support, do not

prove dependency; nor does a moral obligation of support to be effectuated in the future constitute dependency in fact."

Moreover, the dependency under the statute must have existed at the time of the injury of the deceased, and the contributions whenever made, must have been intended for the support of the dependent. Nor is it sufficient that the deceased made promises that if necessary he would make contributions in the future. That question was passed on by the Supreme Court of Illinois in the case of *Alden Coal Co.* v. *Industrial Com.,* 293 Ill. 597, 127 N. E. 641, where, in referring to whether a certain arrangement between a mother and her son might be considered in determining the dependency of the mother the court, in the course of the opinion, says:

"After her husband's death she did not become dependent upon Arthur [her son], but provided for herself from her own resources. Had he lived to carry out the arrangements contemplated by his mother and himself, a different question would be presented; but the question here is one of actual dependency at the time of the injury, and evidence of a proposed arrangement which might result in a condition of dependency in the future does not tend to show an actual existing dependency."

The award made by the commission was set aside. To the same effect is the decision in the case of *Henry Pratt & Co.* v. *Industrial Com.,* 293 Ill. 367, 127 N. E. 754. The following cases all hold that the contributions must be made at or about the time of the injury causing the death, and that the dependency must be established as of that time. *In re Carroll,* 65 Ind. App. 146, 116 N. E. 844; *In re Fierros Case,* 223 Mass. 378, 111 N. E. 957; *Birmingham* v. *Westinghouse, etc., Co.,* 180 App. Div. 48, 167 N. Y. Supp. 520; *Pinel* v. *Rapid R. R. System,* 184 Mich. 169, 150 N. W. 897; *Hammill* v. *Railroad Co.,* 87 N. J. Law, 388, 94 Atl. 313, judgment affirmed 88 N. J. Law, 717, 96 Atl. 292.

We remark that no hard and fast rule can be laid down which will control in all cases. Nor do we wish to be understood as holding that in order to prove dependency it must be shown that the contributions were made at the precise time of the injury. What we hold is that each case must, to

a large extent, be determined upon its own particular facts and circumstances. To establish dependency, however, it is not sufficient merely to show that the deceased made some voluntary gifts or contributions at some remote time prior to the injury. Nor is it sufficient to show dependency that the deceased promised or intended, in case it became necessary in the future, to make contributions to his parent, or parents, who might become dependent. It is not sufficient to show potential or expected dependency, but under the Compensation Act the dependency must exist as an actual fact at the time of the injury which results in death. The Compensation Act is a most beneficent law, and its manifest purpose and intent is to require the industry in which the injury resulting in death occurs to provide for the dependents of the deceased to the same extent, so far as that can be accomplished, as he would have provided for them in case he had lived, and had continued to earn the wage he received at the time of the injury. The responsibility resting upon those whose duty it is to administer the Compensation Act is therefore of the utmost gravity and importance. Upon the one hand, the utmost patience and care should be exercised in order to protect all actual dependents, while, upon the other hand, the law should not be so construed as to require the industry to bear the burden unless the applicant comes within the provisions of the act. If, therefore, **3** in any case it appears that the commission has exceeded its power or has made findings which are not supported by some substantial competent evidence, whether for or against any applicant, upon application to this court it becomes its duty to annul the findings and set aside the award.

We remark that in this case the commission allowed $150 as "reasonable funeral expenses." In a case like the one at bar, where there are no dependents, our statute (Comp. Laws Utah 1917, § 3140, subd. 1, as amended by chapter 63, Laws Utah 1919) provides:

"If there be no dependents, the employer or insurance carrier shall pay the burial expenses of the deceased, as provided herein,

and shall pay into the state treasury the sum of $750.00 unless the employer is insured in the state insurance fund."

In view, therefore, that the finding of the commission that the applicant was a dependent of the deceased must fail, the case comes within the provisions of section 3140, subd. 1, aforesaid.

It follows, therefore, that the award to the applicant should be, and it accordingly is, set aside and annulled, and the cause is remanded to the commission, with directions to set aside the award and to make an allowance for the "funeral expenses" and to make such further orders as are contemplated by the statute in cases like the one at bar and in accordance with the views herein expressed. Costs of this appeal to be awarded to plaintiffs.

CORFMAN, C. J., and WEBER, GIDEON, and THURMAN, JJ., concur.