HANCOCK et al. v. INDUSTRIAL COMMISSION.

No. 3636.   Decided May 5, 1921.   (198 Pac. 169.)

1.  MASTER AND SERVANT—DEPENDENCY WITHIN COMPENSATION ACT QUESTION OF LAW ON UNDISPUTED FACTS.  The question of dependency under the Workmen's Compensation Act is one of fact, but, where there is no dispute as to the facts, the legal rights deducible or inferrable from such proven facts are questions of law.

2.  MASTER AD SERVANT—"DEPENDENCY" WITHIN COMPENSATION ACT DEFINED.  Neither the amounts contributed nor the times when made are necessarily controlling elements in the test of dependency under the Workmen's Compensation Act, the test being whether the contributions made by the deceased to the dependents were necessary and needed to maintain the claimants in the station of life to which they had been accustomd.

3.  MASTER AND SERVANT—DEPENDENCY WITHIN COMPENSATION ACT MUST BE PROVED.  Alleged dependents are required to show facts upon which such dependency exists under the Workmen's Compensation Act, except where the statute makes the wife and certain minor children presumptively dependent.

4.  MASTER AND SERVANT—OCCASIONAL GIFTS NOT "DEPENDENCY" WITHIN COMPENSATION ACT.  An occasional gift or contribution, made at the convenience or pleasure of the donor, does not authorize an inference of "dependency" within Workmen's Compensation Act.[1]

5.  MASTER AND SERVANT—PARENTS HELD NOT "DEPENDENTS" OF SON WITHIN COMPENSATION ACT.  In a proceeding under the Workmen's Compensation Act to obtain compensation for death of an adult son, where it appeared that he boarded away

[1] Globe Grain & Milling Co. v. Industrial Commission, 57 Utah 192, 193 Pac. 642.

from his parents' home, which they owned, and he made frequent gifts of provisions amounting to about $25 per month, and in the year preceding his death advanced $300 as a loan to satisfy a mortgage executed by the father, who owned real estate worth $10,000 producing a net income of $75 to $100 per month, *held*, that Industrial Commission was justified in finding that applicants were not dependents.

Proceeding by R. J. Hancock and another, under the Workmen's Compensation Act (Comp. Laws 1917, title 49), to obtain compensation for the death of a son. There was an award denying compensation, and the applicants bring an original proceeding to have the findings of the Industrial Commission annulled.

FINDINGS OF THE COMMISSION AFFIRMED.

*J. R. Haas*, of Salt Lake City, for plaintiffs.

*Harvey Cluff*, Atty. Gen., and *John R. Robinson*, Asst. Atty. Gen., for defendant.

GIDEON, J.

This is an original proceeding in this court. The plaintiffs seek to have the findings of the Industrial Commission denying compensation for the death of a son annulled.

There is no dispute in the testimony. The deceased was a son of the applicants. He was a paid fireman in the employ of a municipal corporation of this state at the time of his death. The accident occurred in the course of his employment and while he was in the discharge of duty. He was of the age of 45 years, unmarried, and had boarded away from his parents' home for approximately ten years. The applicants, parents, reside in Salt Lake City, where the deceased was employed. The son visited his father and mother frequently; in fact, almost daily when his duties would permit. The only question presented is one of partial dependency.

By a majority of opinion the Commission concluded that the applicants were not dependents and denied compensation.

The only witnesses testifying were those in support of the application. It appears that father and mother own their own home. They had other children, but they are married and reside elsewhere. The father owns real estate in Salt Lake City valued at approximately $10,000, from which he and his wife receive a net income of $75 to $100 per month. Both parents testified that the deceased frequently, and almost on each occasion when he visited them, took provisions, such as sugar, flour, fruits, and other things to their home. It is in the record that at the date of the hearing they were using flour which the son had furnished. It definitely appears, however, that there were no regular or stated times when the son would make contributions to the applicants, and he seldom gave them money except on "birthdays, Thanksgiving and Christmas." The mother testified that the contributions made by the son would average $25 per month. She gave no specific dates, however, when payments were made and no definite amounts, in the year preceding his death, the deceased drew from his banking account the sum of $300 and gave it to his father, with which the latter satisfied a mortgage on real estate belonging to him. Just what the arrangement was as to repayment of this money to the son is not clear, but admittedly it was not advanced to pay living expenses of the applicants, and it quite definitely appears that it was the intent of the father and the son that the amount should be repaid.

The question of dependency is, in the very nature of things, one of fact. In a case such as this, however, where there is no dispute as to the facts, manifestly the legal rights deducible or inferrable from such proven facts are questions of law. No absolute, unbending rule can be, or has been, laid down by the courts in determining dependency. Each case must be controlled by the particular facts of that case. Neither the amounts contributed nor the times when made are necessarily controlling elements in the test of dependency. The test seems to be

whether the contributions made by the deceased to the dependents were necessary and needed to maintain the claimants in the station in life in which they had been accustomed.   In *Benjamin F. Shaw Co.* v. *Palmatory,*   2 7 B'oyce (Del.) at page 201, 105 Atl., at page 418, it is said:

"It is not sufficient that the contributions of the employé were used in paying the living expenses of the claimant, but it must be shown that the contributions of the employé were relied upon by the dependent for his or her means of living judging this by the class and position of life of the dependent."

Again, further on in the course of that same opinion, it is said:

"However, the test of dependency, generally speaking, is whether the claimant relied upon the employé's contributions for his support wholly or partially judging this by what would be reasonable living expenses for persons in the same class and position.   Support as used within the meaning of the statute is of a broader import than food, clothing and shelter, and may include all such means of living as would enable the claimant to live in a style and condition and with a degree of comfort suitable and becoming to his station in life."

The actual living expenses of plaintiffs are made to appear either in detail or in gross.   Alleged dependents, such as the plaintiffs, are required to show facts upon which such dependency exists.   The statute makes the wife and certain minor children presumptively dependents.   3-5· But dependency in other cases must be based upon proof of facts creating such dependency.   It is settled in this state, and the same is supported by the authorities, that an occasional gift or contribution made at the convenience or pleasure of the donor does not authorize an inference of dependency.   *Globe Grain & Milling Co.* v. *Industrial Commission,* 57 Utah 192, 193 Pac. 642.   While it is true the deceased made frequent gifts of fruits, etc., to his parents, nevertheless the Commission was of opinion that such contributions were not required or necessary to support the parents (plaintiffs) in their manner of living.   The Commission was also of the opinion that the income of plaintiff was sufficient to support and maintain them in their manner of

living, and that they were not therefore dependent upon the assistance received from the deceased for such support.

We are of the opinion that the facts as disclosed by the record support and justify the findings of the Commission, and the same are therefore affirmed.

CORFMAN, C. J., and WEBER, THURMAN, and FRICK, JJ., concur.