AMERICAN FUEL CO. OF UTAH et al. v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 3796.   Decided April 27, 1922.   (206 Pac. 786.)

MASTER AND SERVANT—SISTER NOT DEPENDENT OF BROTHER BECAUSE OF OCCASIONAL GIFTS. Under Industrial Commission Act (Laws 1919, c. 63, § 3140, subd. 5) as to dependents, a young sister, living with her mother and stepfather, is not a dependent of her young brother living apart, because of his occasional gifts to her at his pleasure.[1]

Original proceeding by the American Fuel Company of

---

[1] *Globe Grain & Milling Co.* v. *Industrial Commission*, 57 Utah 192, 193 Pac. 642; *Hancock* v. *Industrial Commission*, 58 Utah 192, 198 Pac. 169.

Utah and another, employer and insurance carrier, against the Industrial Commission of Utah and others for review of an award of compensation.

AWARD VACATED, and cause remanded.

*George H. Smith* and *R. B. Porter,* both of Salt Lake City, for plaintiffs.

*Harvey H. Cluff,* Atty. Gen., and *J. Robert Robinson,* Asst. Atty. Gen., for defendants.

CORFMAN, C. J.

Plaintiffs have made application for a review of the findings and decision of the State Industrial Commission awarding compensation for the death of one Lester Newland, who was fatally injured December 8, 1920, by an accident arising out of and while in the course of his employment with the American Fuel Company of Utah. The Continental Casualty Company was the insurance carrier for the American Fuel Company.

On August 26, 1921, a sister of the deceased, claiming to be a dependent, filed with the Industrial Commission an application for compensation under the Industrial Act of Utah. After a hearing was had upon the claims of the applicant the Commission made an award to her of $16 per week for a period of 63 weeks or a total sum of $1,008 and attorney's fees in the sum of $50. From that award, after a rehearing had been applied for and denied by the Commission, the matter was brought to this court for review in the usual way.

Petitioners assail the findings and award made by the Commission upon the ground that the applicant failed to prove a dependency, and that the award in any event was excessive. They contend that there was no substantial evidence before the Commission showing that applicant de-

pended upon the deceased, or that she was receiving any support from him.

The evidence, in substance, shows: That the deceased was at the time he met death by accident 18 years of age. His mother and father had been divorced for about 8 years. Both had remarried. Neither parent made any claim of dependency upon the deceased. After the remarriage of the mother the applicant—a girl about 13 years of age—made her home with her mother and step-father at Louisville, Colo. The deceased had not made his home with either parent for some 6 years prior to the accident, but had drifted about from place to place, working and earning a living for himself. The only witness other than the applicant at the hearing was the mother, Nellie Newland Davis. She testified that the deceased had, from time to time, sent the applicant money, and that she used it for defraying the expenses of wearing apparel and for music lessons; that the money had been sent usually by letter, no definite or fixed amount. With reference to amounts and purposes of remittances the witness testified:

"Q. Then this was more of an offering than fixed expenses? A. There was no fixed expense about it. Q. Just what we call gratuities, offering from a brother to his sister, perhaps $50 at Christmas time? A. Yes. Q. Would he send any money around August or the middle of July? A. No; he didn't. * * * Q. And that would approximate about $50 for spring clothing, to include all, and that is a very liberal margin? A. Yes, sir. Q. And the allowance likewise in the fall about $50? A. Yes. Q. And then at Christmas time a brother to his sister would get some little offering? A. Yes, sir. Q. In other words, would you not agree with me that, perhaps, $100 a year was about correct? A. I would imagine, but, as I say, there was no fixed amount. Q. No; it would not be when a boy gives to his sister in the spring and fall. ' A. If he didn't want to send that he didn't have to."

The only letter from the deceased that was produced and received in evidence was one written to claimant dated October 19, 1920, in which was written:

"Just a few lines to let you know I have not forgotten you. I am sending you a ten-dollar bill in this letter, and I will send some more next pay. I know you need shoes and a new coat for school,

so I will send about $25, and Mother can put the rest to it and get them for you."

Concerning the articles mentioned the witness testified:

"Q. Do you recall this part of the letter written by him [deceased], 'I know you need shoes and a new coat for school'? That was the middle of October? A. That was to be her Christmas present. Q. In other words, that was a Christmas offering from a boy to his sister? A. Yes, sir."

The applicant testified that she had not seen the deceased since his leaving home some 6 years prior to his death.

Under our Industrial Commission Act (Laws Utah 1919, c. 63, § 3140, subd. 5) certain persons shall be presumed to be wholly dependent upon a deceased employé. The wife upon the husband with whom she lives, female children under the age of 18 years, and male children, under the age of 16 years upon the parent with whom such children are living at the time of the death of the parent, but in all other cases the question of dependence in whole or in part is one of fact. It is well settled law in this class of cases that mere occasional gifts or donations, made at the pleasure or will of the donor, do not establish a dependency within the meaning of the statute relating to dependency. In the instant case it appears that deceased was under no legal obligation whatever to contribute to the maintenance and support of the applicant. What the deceased did contribute from his earnings to the applicant was, as we think the record clearly shows, given, not as any kind of an obligation arising out of a dependency as that term is generally and legally understood and held to mean, but merely the occasional gifts or tokens of affectionate regard bestowed by a boy or young man upon his little sister. Such gifts and contributions did not bring the applicant within the class recognized under our statute as dependents. *Globe Gr. & M. Co. v. Ind. Com.*, 57 Utah 192, 193 Pac. 642; *Hancock v. Ind. Com.*, 58 Utah 192, 198 Pac. 169.

We are of the opinion that the Commission was wrong in awarding the applicant, Frances Newland, compensation in this case. However, it appears that in the course of the proceedings had before the Commission, W. D. Sutton, as the State Treasurer of Utah, duly filed his claim in the sum of

Appeal from First District

$750 as provided for under the provisions of Laws Utah 1919, § 3140, c. 63, upon the theory that there were 'no dependents. While it follows from what has been said that the award to the applicant Frances Newland must be and the same is hereby vacated and set aside, let the cause be remanded, with directions that it be proceeded with in such manner and form as is contemplated by the statute in cases where there are no dependents and the employer is not insured in the state insurance fund. Costs of appeal to be paid by defendants.

WEBER, GIDEON, THURMAN, and FRICK, JJ., concur.