## TINTIC MILLING CO. et al. v. INDUSTRIAL COMMISSON OF UTAH.

No. 3813.   Decided June 12, 1922.   (207 Pac. 1114.)

1. MASTER AND SERVANT—FATHER HELD PARTIAL "DEPENDENT" OF SON WITHIN COMPENSATION ACT. Eighty year old father who was unable to support himself and had no means of support except what he received from his son, who had contributed to the father's support over a period of years, in amounts of about $300 a year, *held* a partial dependent of the son, within the

Workmen's Compensation Act, though no contributions had been made for some time before the injury.[1]

2. MASTER AND SERVANT—FINDINGS OF COMMISSION ON SUBSTANTIAL EVIDENCE IN COMPENSATION CASE CONCLUSIVE. In proceedings under the Workmen's Compensation Act, the conclusions of the Industrial Commission based upon substantial evidence, will not be disturbed on review.

3. MASTER AND SERVANT—INDUSTRIAL COMMISSION EMPOWERED TO APPOINT TRUSTEE TO DISBURSE COMPENSATION AWARDED TO AGED APPLICANT. In workmen's compensation proceeding, the Industrial Commission was empowered to appoint a trustee to disburse the money to an aged applicant for death benefits where the arrangement was made with his consent.

Proceeding under the Workmen's Compensation Act, by Peter Christensen, for compensation for death of Soren Christensen, opposed by the Tintic Milling Company, employer, and the Ætna Life Insurance Company, insurance carrier. Award by the Industrial Commission for the claimant, and the employer and insurance carrier petition for review.

AFFIRMED.

*Bagley, Fabian, Clendenin & Judd,* of Salt Lake City, for plaintiffs.

*Harvey H. Cluff,* Atty. Gen., and *J. Robert Robinson,* Asst. Atty. Gen., for defendant.

WEBER, J.

On January 27, 1922, Soren Christensen died as the result of an accidental injury sustained by him two days before while working as a miner for the Tintic Milling Company in

---

[1] *Globe Grain & Milling Co.* v. *Industrial Commission,* 57 Utah, 192, 193 Pac. 642; *Hancock* v. *Industrial Commission,* 58 Utah, 192, 198 Pac. 169; *American Fuel Co.* v. *Industrial Commission,* 60 Utah, 131, 206 Pac. 786.

a mine at Silver City, Utah. Application for compensation was made to the Industrial Commission by Peter Christensen, father of the deceased. Upon hearing the evidence, the commission made an award to Peter Christensen, payable in installments of $13.85 per week for a period of 90 weeks, or a total of $1,246.50, less $55.40 already paid. The commission further ordered that said weekly payments should be made to the Tracy Loan & Trust Company, as trustee, for the use and benefit of Peter Christensen, and that, beginning April 1, 1922, the Tracy Loan & Trust Company pay the sum of $20 per month to Peter Christensen from the trust fund thus created, and pay additional amounts to Peter Christensen only upon the order of the Industrial Commission. Application for a rehearing was made, and, upon denial of the petition by the commission, plaintiffs filed their petition in this court for review of the proceedings.

It is claimed that the record is devoid of any evidence to sustain the commission's conclusion of partial dependency by Peter Christensen upon his son Soren Christensen. At the time of the son's death, the father was 80 years of age and not able to support himself. He could do little work and had practically no means of support except what he received from his son. Soren Christensen usually contributed about $300 per year to his father's support. His son had not been home for over a year prior to his death, but, at the last time he was home, he left $300 and sent money at different times since then—at one time $15. The record shows that the son contributed money to his father's support over a period of years and that the father depended upon this money for maintenance and support. Plaintiffs claim that this case comes within the doctrine of the *Globe Grain & Milling Co. et al.* v. *Industrial Commission,* 57 Utah, 192, 193 Pac. 642; *Hancock* v. *Industrial Commission,* 58 Utah, 192, 198 Pac. 169, and *American Fuel Co. et al.* v. *Industrial Commission,* 60 Utah, 131, 206 Pac. 786, in which it was held that occasional gifts or contributions made at the pleasure of the donor do not constitute dependency within the Workmen's Compensation Act (Comp. St. 1917, §§ 3061-3165).

The doctrine announced in the cases cited is not applicable to the facts here. What Soren Christensen gave to his father was not in the nature of an occasional gift or donation but for the purpose of furnishing actual and needed support. It is argued by counsel for plaintiffs that, as the statute provides that "the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case, existing at the time of the injury resulting in the death of the employé," the fact that the son had not for some time before the injury contributed to his father's support does not tend to establish partial dependency. The father was unable to support himself at the time of his son's death, and had no one else to assist him. The status of dependency is thus clearly established. It is only as to contributions that any question arises. Certainly it was never the legislative intent that contributions for maintenance and support of a dependent father must have been made at the very time of the injury to establish dependency. Such a narrow construction would in many cases defeat the plain intent of the law. In cases of partial dependency the question is not whether the contributions were made at regular intervals, but whether they were made for the **1, 2** purpose of continued support, whether at the time of the injury resulting in the death of the contributor there was actual dependency, and whether the facts in the particular case indicate that the contributions for maintenance and support would have continued, had the death of the employé not occurred. The Workmen's Compensation Act of this state does not limit the period of time preceding the injury during which the fact of contribution made for support must be shown. That subject is wisely left to the discretion of the commission, whose conclusions, when based upon some substantial evidence, are not assailable on review.

Plaintiffs object to the manner of payment ordered by the commission, claiming that the insurance carrier is not protected and that the commission has no power to appoint a trustee to disburse the money to the applicant. The arrangement complained of was made by the commission with the

consent of the applicant. As long as the beneficiary has no objection to having the money handled by the trustee, as long as he is satisfied, the plaintiffs have no cause     3 for complaint. The money being paid to the trustee with the applicant's consent, the insurance carrier is fully protected. The commission was prudent in making the order relating to the payment of the compensation. We unreservedly approve its course of action.

The award is affirmed, with costs.

CORFMAN, C. J., and GIDEON, THURMAN, and FRICK, JJ., concur.