KLIUTIS et al. v. INDUSTRIAL COMMISSION et al.

No. 4043.  Decided November 15, 1923.  Rehearing Denied February
25, 1924.  (223 Pac. 337.)

MASTER AND SERVANT—BROTHER AND SISTER REPAID FOR ADVANCES
TO DECEASED HELD NOT DEPENDENTS WITHIN COMPENSATION LAW.
In an action under the Workmen's Compensation Law for com-
pensation for death of an employee, evidence that he had repaid
with good interest money advanced to him by his brother and
sister in a foreign country, and that they were poor and needy,
*held* insufficient to prove dependency of brother and sister on
employee within the compensation law.[1]


Appeal from District Court, Seventh District, Carbon
County; *Geo. Christensen,* Judge.

[1] *American Fuel Co.* v. *Ind. Com.,* 60 Utah, 131, 206 Pac. 786;
*Globe Grain & M. Co.* v. *Ind. Com.,* 57 Utah, 192, 193 Pac. 642;
*Hancock* v. *Ind. Com.,* 58 Utah, 192, 198 Pac. 169.

Suit by Spiros Pan. Kliutis and others under the Workmen's Compensation Law for compensation for death of Demetrious Pan. Kliutis against the Industrial Commission of Utah and the United States Fuel Company, employer. Judgment for plaintiffs, and defendants appeal.

REVERSED.

*Harvey H. Cluff*, Atty. Gen., and *J. Robert Robinson*, Asst. Atty. Gen., for appellants.

*L. A. McGee*, of Price, for respondents.

WEBER, C. J.

At the time this action was filed under the Workmen's Compensation Law (Comp. Laws 1917, §§ 3061-3165) claimants had the option of instituting suit in the district court or claiming compensation by petition to the Industrial Commission. This action was commenced in Emery county, but was transferred for trial to Carbon county. A trial was had before the court without a jury, and a judgment was rendered in favor of plaintiffs for $750, from which the defendant appeals.

After finding that the defendant was a corporation of Nevada operating a coal mine in Emery county, Utah, and that Demetrious Pan. Kliutis was in defendant's employ at the time of his death, and that his death resulted from an accident arising out of and during the course of his employment on September 21, 1920, the court found:

"That the said Demetrious Pan. Kliutis, alias Jim Kliutis, alias James Kliutis, left surviving him, as his sole and only heirs, these plaintiffs, Spiros Pan. Kliutis, his only brother, and Maria Vas. Pappanousi, his only sister, and that the said plaintiffs, and each of them, were at the time of the death of the deceased partly dependent upon him for their support and maintenance. That at the time of his death, the said Demetrious Pan. Kliutis, alias Jim Kliutis, alias James Kliutis, was 34 years of age, and was a strong and able-bodied man, capable of earning good wages, and that at the time of his death, and for several years prior thereto, he partly

supported and maintained the plaintiffs, in comfort, and in full accord with their station in life."

It was stipulated between the parties that, if the court found in favor of plaintiffs, the amount should be $750.

The only question presented by this appeal is that of the dependency of the brother and sister of deceased, residents of Greece. Dependency is a question of fact. If there is any competent substantial evidence to support the decision of the trial court, it must be affirmed.

From a careful examination of the evidence, we are forced to the conclusion that the record is wholly devoid of any competent substantial evidence to prove that at the time of and prior to his death the deceased was contributing to the support of his brother and sister. The witnesses testify in a general way that he sent them money in return for advances made to him for the purpose of emigrating to America. The substance and effect of the testimony of plaintiffs is this statement of the brother in a deposition: "I gave him [the deceased] money to come to America and he refunded me amply." That the brother and sister in Greece were poor and needy, and that the brother in America repaid with good interest all the money that had been advanced to him, cannot be held to be substantial evidence of dependency. *American Fuel Co.* v. *Ind. Com.,* 60 Utah, 131, 206 Pac. 786; *Globe Grain & M. Co.* v. *Ind. Com.,* 57 Utah, 192, 193 Pac. 642; *Hancock* v. *Ind. Com.,* 58 Utah, 192, 198 Pac. 169.

The judgment is reversed with costs to appellant.

GIDEON, THURMAN, CHERRY, and FRICK, JJ., concur.