LOS ANGELES & S. L. R. CO. v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 5003. Decided June 26, 1930. (289 P. 114.)

*Geo. H. Smith, J. V. Lyle, R. B. Porter,* and *W. Hal. Farr,* all of Salt Lake City, for plaintiff.

*Geo. P. Parker,* Attorney General, and *M. Logan Rich,* Deputy Attorney General, for defendants.

FOLLAND, J.

This is a proceeding to review the findings and decision made by the Industrial Commission of Utah. Earl J. Mc-Tague, a youth of twenty years, on the 9th day of July, 1929, while in the employment of the Los Angeles & Salt Lake Railroad Company at Stockton, Utah, was struck by a train and instantly killed. His mother, Mrs. Katie Mc-Tague, filed a petition with the Industrial Commission claiming she was dependent upon deceased for maintenance and support, and requested compensation under the law as such dependent. After a hearing, the Industrial Commis-

sion found partial dependency, and made an award in favor of the applicant and against the railroad company, a self-insurer, in the sum of $2,160, payable at the rate of $30 a month for 72 months.

Plaintiff admits all jurisdictional facts, but contends, on the question of dependency, that there is no evidence in the record to support the award. It cites and relies upon the cases of *Globe Grain & Milling Co.* v. *Industrial Commission,* 57 Utah 192, 193 P. 642; *Hancock* v. *Industrial Commission,* 58 Utah 192, 198 P. 169; *American Fuel Co.* v. *Industrial Commission,* 60 Utah 131, 206 P. 786. The holding in each of these cases is that an occasional gift or contribution made at the convenience or pleasure of the donor does not authorize an inference of dependency. These cases, we think, are not controlling here, for the reason that the evidence shows more than a mere occasional gift or contribution. The only question before us for decision is whether or not there is substantial and competent evidence in the record to support the finding of partial dependency. The facts bring the case within the decisions of *Lowe* v. *Industrial Commission,* 56 Utah 519, 190 P. 934, and *Tintic Milling Co.* v. *Industrial Commission,* 60 Utah 261, 207 P. 1114. The deceased was at the time of his accidental death employed by the plaintiff at a wage of 52 cents an hour, working eight hours per day. He lacked one month of being twenty years of age. The accident resulting in his death occurred on the second day of his employment by the plaintiff. The alleged dependents who survive him are his mother, the applicant, and her three minor children, who are seven, eleven, and fourteen years of age, respectively. Mrs. McTague, though married, with a husband living, had lived apart from her husband and was not supported by him for a period of six years. There is evidence of his shiftless character and failure to support his family. It is shown by the evidence that the mother of Mrs. McTague and her sister had contributed to the support of this family; that the deceased, up to the time he went to work

for the railroad company, had lived at home as a member of the family in a house owned by the mother, but which was incumbered by four years' delinquent taxes. There is competent evidence to the effect that for a period of two and one-half years or three years the deceased had been employed at a service station full time in the summer months and part time in the winter. During the winter months deceased attended school and worked at the filling station after school hours, during part of the time working as late as 11 o'clock at night. During that period he contributed substantially to his mother for the support of herself and the minor children. It is also shown that the family not only needed this assistance, but relied upon it. The former employer of the deceased testified that the boy had earned and been paid from $60 to $75 a month, and that to his own knowledge a part of this had been paid to the mother; that several times a month she would send one of the children to him for money, and, upon orders from the deceased, he would advance sums of money to the mother out of the wages of the deceased. It is shown that Earl McTague had started school at the B. Y. U. in the fall of 1928, but after two months had quit for financial reasons, that he did odd jobs during the winter working at a service station in American Fork, and that finally in April he left home to work for the railroad company, for the purpose, as testified by several witnesses, of aiding in the support of the family and to obtain money with which to clear the home of the incumbrance.

From the facts disclosed we are of the view that a case of partial dependency has been made. At any rate, there is substantial competent evidence in the record upon which such a finding might rest. Where this is the case, the question is one for the commission, and its finding in that respect will not be disturbed by us.

Some question is raised that the award, even if justified at all, is too large. Here again we find evidence in the record upon which this award in the sum specified may

rest. While it is true the mother kept no books and was unable to state definitely the amount she received monthly from her son, we think, in view of the fact that he was shown to have earned, over a considerable period, from $60 to $75 a month, a substantial part of which went for family support and now had been employed at 52 cents an hour for eight hour days, that the commission did not abuse its discretion in fixing the amount of partial dependency in the sum stated.

The award is affirmed.

CHERRY, C. J., and STRAUP, ELIAS HANSEN, and EPHRAIM HANSON, JJ., concur.