BAIN v. INDUSTRIAL COMMISSION et al.

No. 3678.   Decided June 21, 1921.   (199 Pac. 666.)

MASTER AND SERVANT—COMMISSION'S FINDINGS IN COMPENSATION CASE CONCLUSIVE.  Under Laws 1919, c. 63, § 1, amending Comp. Laws 1917, § 3148, declaring the findings and conclusions of the Industrial Commission on questions of fact to be conclusive and final, and not subject to review, they can be disturbed only when it appears as matter of law that they are contrary to the law and the evidence, and so not where the Commission, who are the judges of the credibility of witnesses, disbelieve the testimony of the claimant, the only witness of the alleged accident, and there is substantial reason why they should not believe it, as the presence of apparent discrepancies therein.

Application of George E. Bain to the Industrial Commission of Utah for compensation for alleged injury in his employment by the Charles Dee Printing Company was denied, and he brings certiorari.

ORDER AFFIRMED.

*John A. Sneddon,* of Ogden, for plaintiff.

*Harvey H. Cluff,* Atty. Gen., and *John R. Robinson,* Asst.
Atty. Gen., for defendants.

THURMAN, J.

Certiorari to review certain proceedings of the Industrial
Commission. On the 21st day of December, 1920, plaintiff
was in the employment of the defendant Charles Dee Print-
ing Company, an employer subject to the provisions of the
Utah Industrial Act. The defendant United States Fidelity
& Guaranty Company carried the insurance for said em-
ployer. The plaintiff was 21 years of age and earning $21
per week. Plaintiff made application to the defendant In-
dustrial Commission (hereinafter called Commission) for
compensation under the Industrial Act (Comp. Laws 1917,
tit. 49), claiming that on the date last mentioned he had
been injured by an accident occurring in the course of his
employment. The jurisdictional facts above stated were
stipulated at the hearing before the Commission.

Plaintiff's claim for compensation is based upon an al-
leged injury caused by a small sliver of lead striking him in
the face while engaged in said employment, from which in-
jury infection occurred, resulting in erysipelas. In addition
to the facts stipulated, the Commission found that plaintiff—
"did not establish by competent or direct evidence that he met
with an accident on the 1st day of December, 1920, and that the
erysipelas suffered was the result of an accident as alleged."

As conclusions from the findings, the Commission found
and ordered that the application for compensation should be
denied. Plaintiff assails the finding and order of the Com-
mission on the alleged grounds that the same are against
law and contrary to the uncontradicted evidence produced at
the hearing.

The question presented calls for a brief review of the
evidence upon which plaintiff relies. His testimony concern-
ing the alleged accident is to the effect that on the 1st day
of December, 1920, he was at work in his employment plan-
ing down a form of linotype; that before putting the form

on the press he had to take a mallet and planer—a square piece of wood—and pound on the wood, so as to get the form even. While doing this a small piece of lead struck him in the face. The next morning it was very painful and he picked it out. It was a sliver so small one could hardly see it. Three or four days after that a lump formed on his nose. It got worse, and about the 4th or 5th of December he laid off work. Plaintiff testified the lead had struck him on the right side of the face. Some disfigurement developed on the left side, near the eye. He was attended by Dr. Wilson, who treated him for erysipelas. Several experts testified at the hearing. Their testimony was generally harmonious, and quite conclusive that erysipelas might result from an infection, where the skin had been punctured or scratched. In fact, assuming that the accident as described by plaintiff actually occurred, the experts were of the opinion that, if infection took place, it might result in erysipelas.

No other persons witnessed the accident or knew of its occurrence, except as they were informed by plaintiff. Mr. Chas. Dee, the employer, testified, among other things, that it was not uncommon for pieces of lead to strike one engaged in that kind of work; that he had been so struck many times.

In the foregoing statement, we have purposely selected and presented those features of the evidence most strongly in favor of plaintiff's contention. If they were admitted to be true or conclusively established by the evidence, we might be inclined to hold, as matter of law, that the findings and conclusions of the Commission, of which plaintiff complains, were contrary to law, arbitrary and capricious, and should be vacated and set aside. But it must be remembered that the findings and conclusions of the Commission on questions of fact are conclusive and final, and not subject to review. Sess. Laws 1919, p. 165. Before this court can disturb such findings and conclusions, it must appear as matter of law that they are contrary to law and contrary to the evidence. The Commission are the judges of the credibility of the witnesses, and in determining the facts, if there is any substantial reason why they should not believe the testimony of

any particular witness, they have the undoubted right to disregard it and eliminate it from consideration.

In determining the question as to whether or not the findings are contrary to the evidence, every substantial doubt should be resolved in favor of the findings.   The Commission, in arriving at their conclusions, in all probability considered certain apparent discrepancies in the testimony of the plaintiff concerning his conduct after the date of the alleged accident.   For instance: During the course of his examination when asked if he reported the accident to his employer, he said he did "about a week after."   At another stage of his examination he said it was the day before Christmas when he reported it to his employer, which would be more than three weeks after the accident.   Upon this point his employer, Mr. Dee, says plaintiff never reported the accident to him at all until the day before Christmas, and not then until he asked plaintiff about it.   Again, plaintiff, during his examination, testified that he never had a doctor concerning the accident until four or five days after it occurred, when a lump had formed on his face.   At that time he saw Dr. Wilson, who afterwards attended him during his illness.   At another stage of his examination, plaintiff said he saw Dr. Conroy on the day of the accident and told him he had been struck with a piece of lead in the face; that Dr. Conroy looked at it and said, "Oh! that is all right."   In another part of his testimony, plaintiff says he went to Dr. Conroy's office after the accident and said:

"'Doctor, I want you to look over my face, I have got a piece of lead in it.'   And he looked over my face and said there was nothing to it, but if anything should happen to just come back to him again."

Dr. Conroy testified to the effect that he had no recollection of the accident, but surely would have found the piece of lead if the plaintiff had come to him for that purpose, and he would also have remembered the circumstances. Plaintiff, at one point in his testimony, conveys the idea that he took the lead out of his face at the time of the accident. At another point he states he squeezed it out the next day. It had then formed a pimple.   There are other discrepancies

here and there of minor importance. The testimony of the experts shows that infection might take place from a puncture, scratch, or abrasion of the skin; that it might occur after squeezing a pimple, or carelessly removing it; and that erysipelas might develop therefrom.

It is unnecessary to review the evidence as to the extent of the injury. As we understand the record, which we have read and considered with more than ordinary care, we do not feel authorized to hold that the Commission was bound to believe that the alleged accident described by plaintiff actually occurred. To so hold would be to invade the province of the Commission, and assume to pass upon questions upon which the law says the judgment of the Commission shall be final and conclusive.

Plaintiff's counsel calls our attention to the following authorities and claims for them some relevancy to the question presented here: *Bethlehem Shipbuilding Corp.* v. *Industrial Accident Com.*, 181 Cal. 500, 185 Pac. 179, 7 A. L. R. 1180; *Great Western Power Co.* v. *Pillsbury et al.*, 171 Cal. 69, 151 Pac. 1136, L. R. A. 1916A, 281; *Santa* v. *Ind. Accid. Com.*, 175 Cal. 235, 165 Pac. 689; *Dickson* v. *Hollister,* 123 Pa. 421, 16 Atl. 484, 10 Am. St. Rep. 533. It is sufficient to say that these cases do not in any respect tend to support plaintiff's contention. On the contrary, they appear to be cases in which the appellate court felt bound to sustain the findings of the lower tribunal, notwithstanding in some instances they were exceedingly close to the boundary line.

The order of the Commission, denying the plaintiff's application for compensation, is affirmed.

CORFMAN, C. J., and WEBER, GIDEON, and FRICK, JJ., concur.