BROTON v. INDUSTRIAL COMMISSION et al.

No. 3868.    Decided November 28, 1922.    (210 Pac. 982.)

MASTER AND SERVANT—INDUSTRIAL COMMISSION HELD WITHOUT
POWER TO MAKE COMPENSATION FOR HERNIA CONDITIONAL ON SUB-
MISSION TO OPERATION.   The Industrial Commission is without
power to make the payment of compensation conditional on
applicant's submission to an operation for hernia pursuant to
a stipulation agreed on by the insurer and the majority of the
Commission, but must make findings as to whether or not the
injury is compensable under the statute or reasonable rules
adopted by the Commission applicable to such cases, and make
its award accordingly.

Application by Herman L. Broton for compensation for
injuries under the Industrial Act, opposed by the John
O'Connor Company, employer and the Maryland Casualty
Company, insurer.   To review the Commission's action in
denying compensation, plaintiff brings certiorari.

REMANDED to Commission for findings and award.

*Adam A. Duncan* and *C. M. Nielsen,* both of Salt Lake
City, for plaintiff.

*H. H. Cluff,* Atty. Gen., and *J. Robert Robinson,* Asst.
Atty. Gen., for respondents.

THURMAN, J.

Certiorari to review the proceedings of the defendant In-
dustrial Commission of Utah, in respect to the application
of plaintiff for compensation under the Industrial Act
(Comp. Laws 1917, §§ 3061-3165).

It was stipulated by the parties that the applicant, Herman
L. Broton, plaintiff in this proceeding, was injured by acci-
dent arising out or of in the course of his employment while

regularly employed by John O'Connor, defendant herein; that O'Connor carried workmen's compensation insurance with the defendant Maryland Casualty Company; and that on the date of the accident O'Connor had three or more workmen in his employment. It was also stipulated that at the time of the injury Broton was earning $16.80 a week, working six days per week.

The attending physician, Dr. Spencer Wright, testified before the Commission that the examination of Broton disclosed no external evidence of any trouble, but that he had a double inguinal hernia, and that it was an operable injury. He also testified that, as the accident was related to him by Broton, it could have been the cause of the hernia. During the course of his examination, the witness was shown the form of policy adopted by the Commission in hernia cases for the purpose of determining whether or not the injury is compensable. The witness said the policy was reasonable and very good. It reads as follows:

"To Insurance Carriers and Self-Insurers
Attention—Claim Adjusters.

"In all future hernia cases coming before the Industrial Commission of Utah for decision, the Commission will pursue the following policy in the determination as to whether or not the injured would be entitled to compensation:

"'(A) Real traumatic hernia is an injury to the abdominal (belly) wall of sufficient severity to puncture or tear asunder said wall, and permit the exposure or protruding of the abdominal viscera or some part thereof. Such an injury will be compensated as a temporary disability and as temporary partial disability, depending upon the lessening of the injured individual's earning capacity.

"'(B) All other hernias, whenever occurring or discovered, and whatsoever the cause, except as under (A), are considered to be diseases causing incapacitating conditions or permanent partial disability, but the permanent partial disability and the causes of such are considered to be, as shown by medical facts, to have either existed from birth, to have been years in formation, or both, and are not compensable, except as hereinafter provided.

"'(C) All cases (B), in which it can be proven, (1) that the immediate cause which calls attention to the presence of the hernia is a sudden effort or severe strain or blow received while in the course of employment; (2) that the descent of the hernia occurred immediately following the cause; (3) that the cause was accom-

panied or immediately followed by a severe pain in the hernial region; (4) that the above facts were of such severity that the same were noticed by the claimant and communicated immediately to one or more persons, are considered to be aggravations of previous ailments or diseases, and will be compensated as such for time lost only to a limited extent, depending upon the nature of the proof submitted and the result of the local medical examination, but not to exceed two months.'

"This policy will be enforced until otherwise ordered by the Commission.

"We respectfully suggest that all claim adjusters in their investigations, follow the policy outlined in order to avoid unnecessary hearings before the Commission."

The testimony of the applicant, Broton, was generally to the effect that while doing concrete work on March 25, 1922, he accidentally fell into a ditch about three or four feet in depth. It made him feel sick for a while, but he started to work again. He did not notify his employer until a week or two after the accident, at which time he asked for a "slip to the doctor." He said the doctor who examined him sent him to another physician for further examination.

In addition to the testimony of Dr. Wright heretofore detailed, the doctor also testified to the effect that it would be possible for a man of Broton's make-up, caliber, and education, to receive such an injury and suffer an acquired hernia and not report it, notwithstanding he was ill and nauseated at the time. He might be inclined to let it go, not knowing what a hernia is or what might be the result.

Other evidence was taken by the Commission; but, in view of the stipulation made by the parties, it is deemed unnecessary to state it at length.

At the close of the hearing, without making formal finding of fact, it was announced by the Commission that it was agreed by the claim adjuster of the Maryland Casualty Company and a majority of the Commission that the defendant casualty company proffer to the applicant an operation for his double hernia, and in view of certain conditions not necessary to enumerate here, it was further agreed by said parties that the applicant be given 90 days in which to submit himself for the operation with the understanding that the insur-

ance carrier stands ready to send applicant to the hospital at once, and if the offer is rejected applicant assumes full responsibility for anything that may occur as a result of the hernia. In case the applicant submits to the operation, the insurance carrier will pay reasonable medical and hospital expenses as provided in the medical fee schedule and compensation for temporary total disability, not to exceed eight weeks, with a deduction of 15 per cent. for failure to report the injury within 48 hours as required by law. It appears that this agreement was read in the presence of the applicant, but it does not appear that he was a party thereto. He declined to accept the proffer of an operation, and consequently received no compensation for the injury.

In view of the stipulation of the parties, hereinbefore detailed, it is difficult to see upon what theory plaintiff was denied compensation altogether, even if he did decline to undergo an operation. If compensation was denied him for the reason that the injury was not compensable under the statute or reasonable rules adopted by the Commission applicable to cases of hernia, there ought to have been a finding to that effect.

As before stated, the Commission made no formal findings, and in fact made no findings at all, concerning the important question as to whether or not the injury received by plaintiff is compensable. Furthermore, in view of the stipulation and the evidence, including the policy adopted in hernia cases, this court cannot determine as matter of law whether or not it is a compensable injury or whether or not plaintiff sustained any loss because thereof. If it is compensable, we are of opinion that the Commission is without power to make the payment of compensation conditional upon applicant's submission to an operation. The court is of opinion that the Commission ought to have found whether or not the injury received by applicant is compensable and made its award accordingly.

For the reasons stated, the cause is remanded to the Commission for findings and award based upon the evidence as it now appears of record.

CORFMAN, C. J. and WEBER, GIDEON, and FRICK JJ., concur.