MORAY v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 3902.   Decided March 15, 1923.   (213 Pac. 797.)

1.   MASTER AND SERVANT—FINDINGS OF FACT IN COMPENSATION CASE
     CONCLUSIVE.   The Supreme Court is powerless to interfere with
     the findings of fact made by the Industrial Commission, if there
     is any substantial evidence to support them.

2.   MASTER AND SERVANT—DENIAL OF ADDITIONAL COMPENSATION
     JUSTIFIED.   Evidence *held* to justify denial of additional com-
     pensation, under Comp. Laws 1917, § 3144, for loss of sight.

Proceeding under the Workmen's Compensation Act by
Thomas H. Moray, the employé, for additional compensation,
opposed by the Mountain States Telephone & Telegraph Com-
pany, the employer.   Additional compensation was denied
by the Industrial Commission, and the employé applies for
review of its findings.

AWARD OF COMMISSION AFFIRMED.

*Van Dam & Draper,* of Salt Lake City, for plaintiff.

*Harvey H. Cluff,* Atty. Gen., and *J. Robert Robinson,* Asst.
Atty. Gen., for defendants.

FRICK, J.

The plaintiff sustained injury to his eyes in December,
1920.   He made application to the Industrial Commission
of Utah for compensation, and was awarded compensation
for the partial loss of his sight.   Being dissatisfied with the
decision of the Commission, the plaintiff, pursuant to our
Industrial Act (Comp. Laws 1917, §§ 3061-3165), presented
the record of the proceedings then had to this court for
review.   After a full consideration of the record in that
proceeding, this court affirmed the decision and award made
by the Commission.   *Moray* v. *Industrial Comm.,* 58 Utah,
404, 199 Pac. 1023.   We refer the reader to that opinion
for a more complete statement of the facts relating to plain-
tiff's injury:

Some time after the foregoing decision had been published

the plaintiff, pursuant to Comp. Laws Utah 1917, § 3144, made a second application to the Commission for additional compensation. A hearing was duly had on that application and after a consideration of the evidence the Commission made the following finding:

"That the fundus of both eyes of the applicant is normal; that if the applicant sustained loss of vision following flash blindness existing for a period of one year, his fundi could not be normal— they would show evidences of disease; that there is no pathological condition present to cause loss of vision in either eye, as a result of the electric flash received December 21, 1920."

As a conclusion of law, the Commission also found:

"In view of the foregoing finding, the Commission concludes that the decision rendered on the 29th day of April, 1921, and later reviewed and upheld by the Supreme Court of Utah, should not be disturbed; that the applicant's claim for additional compensation should be denied."

In accordance with the foregoing finding and conclusion, the Commission denied plaintiff the additional compensation prayed for. Thereafter a rehearing was granted and additional evidence was submitted, and, after a consideration of all of the evidence submitted by both parties the Commission made the following decision:

"After a careful review of the evidence submitted, the Commission concludes that it would not be justified in disturbing the decisions heretofore rendered in this case."

Plaintiff in this proceeding assails the foregoing finding and conclusion. His counsel, with much force, insists that the finding of the Commission is not sustained by any substantial evidence and that, according to the evidence, plaintiff should have been awarded additional compensation.

We have carefully considered the evidence, and while it is true that the evidence produced on behalf of plaintiff is such that the Commission would have been authorized in allowing him additional compensation, yet it is also true that there is ample evidence in support of the Commission's finding and conclusion. In view of the state of this record, and in view that it has uniformly been held by this court in an unbroken line of decisions that, in case there is any substantial competent evidence in support of

the Commission's findings, this court is powerless to interfere, plaintiff's contention must fail.

In this connection we are constrained to add that no good could be gained by discussing or setting forth the evidence, and for that reason we refrain from doing so. Plaintiff's counsel, however, strenuously insist that their client is clearly entitled to additional compensation, and to deny the same to him constitutes an act of injustice. To that contention the answer which is conclusive is that the question whether, in view of the evidence, additional compensation should have been awarded to plaintiff was entirely within the province of the Commission. The power to determine the weight and effect of the evidence and the credibility of the witnesses is a matter that the law has vested in the Commission and has withheld from us.

From the record we are also impressed that the Commission not only acted with perfect fairness but that they exercised great care in arriving at a conclusion in this case. If, therefore, plaintiff has not obtained full justice as contended by his counsel it is not because anyone has willfully withheld justice from him, but it is because the Commission was convinced that the evidence did not justify the making of an additional award.

In view of what has been said, it follows that the decision of the Commission should be, and it accordingly is, affirmed.

WEBER, C. J., and GIDEON, THURMAN, and CHERRY, JJ., concur.