## ALEXANDER v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 3907.   Decided March 23, 1923.   (213 Pac. 1078.)

MASTER AND SERVANT—FINDINGS OF INDUSTRIAL COMMISSION ON EVIDENCE CONCLUSIVE. When the decision of the Industrial Commission is based on substantial competent evidence, it is not reviewable.

Proceedings under the Industrial Act by Tom Alexander, claimant, opposed by United States Smelting, Refining & Mining Company, employer. The Industrial Commission denied compensation and claimant petitions for review.

AFFIRMED.

*King & Schulder* and *Leslie Frazer*, all of Salt Lake City, for plaintiff.

*Harvey H. Cluff*, Atty. Gen., and *J. Robert Robinson*, Asst. Atty. Gen., for defendants,

WEBER, J.

Tom Alexander applied to the Industrial Commission for compensation because of injuries which he claimed to have sustained as the result of an accident while in the employment of the United States Smelting, Refining & Mining Company at Midvale, Utah, May 15, 1922. The injuries were claimed to be a sprained back and hernia. A hearing was had before the Industrial Commission, which found that the applicant had not established that the disability suffered as alleged in the application was the result of accident sustained while in the employ of the United States Smelting, Refining & Mining Company. Compensation was denied. Later on a rehearing was granted by the Commission, and more evidence was introduced which was considered in connection with the testimony adduced at the first hearing. The commission again denied compensation; whereupon applicant presented his petition for review in this court.

From an examination of the record we find that the testimony is conflicting. As held in an unbroken line of decisions of this court, it is the province of the Commission to judge the credibility of witnesses and to determine the weight of the evidence. On questions of evidence the findings of the Commission are conclusive, and, when the decision of the Commission is based upon some substantial competent evidence, it is not reviewable by this court.

The decision of the Commission is affirmed.

GIDEON, THURMAN, FRICK, and CHERRY, JJ., concur.