This is a review of proceedings by the Industrial Commission under the Workmen's Compensation Act (Comp. Laws 1917. §§ 3061-3165), in which an award of compensation was made to Clifford James Houston for disability resulting from an accidental injury sustained by him while employed by the Denver 
Rio Grande Western Railroad Company. The fact of disability and that the employe sustained an injury in the course of his employment are not drawn in question. The subject of controversy is whether the disability resulted from the injury, and the legal question presented is whether the finding of the commission that the injury caused the disability is supported by substantial evidence.
Corpus Juris-Cyc. References.
[1] Workmen's Compensation Acts C.J. p. 123 n. 43.
[2] Workmen's Compensation Acts C.J. p. 115 n. 36, 37.
[3] Workmen's Compensation Acts C.J. p. 115 n. 37.
[4] Workmen's Compensation Acts C.J. p. 117 n. 49. *Page 496 
The injury sustained by the employe was an accidental blow on his right knee by a hammer. The disability was on account of an osteomyelitis of the left hip joint, which, in simpler words, means that parts of the bones constituting the hip joint have been eaten away by virulent bacteria. The causal connection between the injury and the disability is the subject of opposing contentions. The evidence in relation to one important fact was in direct conflict, and the opinions of the numerous medical experts showed wide variation. The evidence on behalf of the employe was to the effect that the ailment in his left hip appeared after the development of an abscess in his knee. The employer offered evidence to the contrary. This conflict explains much of the disagreement in the opinions of the medical experts. In this review we are not concerned with the credence or weight of evidence, but are limited to the inquiry of whether the record presents substantial competent evidence which supports the award. Although disputed in some respects, as above stated, the record contains evidence that the employe, while at work on or about May 15, 1924, accidentally struck himself on the right knee with a large hammer. The blow made a bruise, but did not cause any visible abrasion of the skin. He suffered pain, and his knee became discolored, swollen, and tender. He continued his work, but in a few days was compelled to quit on account of increased suffering from his injury. A few days later a doctor was called, who diagnosed the trouble as rheumatism, and prescribed treatment accordingly. About two weeks later, there being no improvement, another doctor was called, and the two doctors, after consultation, ordered the patient to the hospital. At the hospital an abscess at the knee with the presence of bacteria was discovered. Shortly thereafter the trouble in his left hip first made its appearance. An examination disclosed the presence in his hip of the same kind of bacteria previously found in the abscess at the knee. The infection of the hip developed into a very serious ailment which resulted in total disability of the employe. An additional fact in the case, to which some of the expert witnesses attached importance, was that some two or three months before the accident *Page 497 
the employe had suffered from two boils on his body, but which had entirely healed up and disappeared several weeks before the accident in question.
Upon the hypothesis of the foregoing facts, several medical experts expressed opinions couched in technical terms, but to the general effect that the infection in the hip was caused by the injury to the knee. Explanations and support for these opinions, based upon medical science and knowledge, were advanced by the experts.
Contrary opinions were expressed by numerous other medical experts who attributed the hip infection to the boils from which the employe had previously suffered. Several of these witnesses, however, more or less predicated their opinions upon the assumption that the hip infection of the employe preceded in point of the time the abscess in the knee.
The principal contention made here in opposition to the award is that the conclusion that the disability resulted from the injury is not supported by substantial evidence, but rests upon mere conjecture; and that the facts in the 1
case present a situation "where two inferences are possible, one involving liability, and one involving nonliability," in which case according to Spring Canyon CoalCo. v. Ind. Com., 201 P. 173, 58 Utah, 608, the trier of the facts is not permitted to choose the inference involving liability. Other cases cited and relied upon in this connection are Patton v. T. P. Ry. Co., 21 S.Ct. 275, 179 U.S. 658,45 L.Ed. 361; Tremelling v. S.P.R.R. Co., 170 P. 80,51 Utah, 189; Chaudier v. S. C.L. Co., 173 N.W. 198, 206 Mich. 433, 5 A.L.R. 1673.
It is readily conceded that the finding of a material fact cannot rest upon mere conjecture, and that in certain cases, where two or more inferences are equally probable or consistent with the evidence, the trier of fact may not arbitrarily adopt one which results in liability in preference to others which do not. But the application of the rule to the case under consideration would be extending the doctrine far beyond its proper limits, and further than any of the cases cited go. In neither of the cases cited was there any evidence directly relating or pointing to the particular fact to be *Page 498 
proved — no satisfactory foundation in the testimony for the particular conclusion contended for. In Spring Canyon Coal Co.
v. Ind. Com., supra, it was held that the fact that an employe was killed by an insane fellow employe without more appearing, did not justify the inference that the fellow employe's act was directed against deceased "because of his employment."
In Patton v. T. P. Ry. Co., supra, a negligence case depending upon how an engine step became loose, it was held that from the fact that the step was loose it could not be inferred, without other proof pointing to that conclusion, that the condition of the step resulted from negligence, when the testimony left the matter uncertain and showed "that any one of half a dozen things may have brought about the injury, for some of which the employer is responsible, and for some of which he is not. * * *"
In Tremelling v. S.P.R.R. Co., supra, a negligence case depending upon whether a brakeman found lying dead by a railroad track had been killed while riding on a freight train, which moved past a freight car standing on a side 2
track, by coming in contact with the car on the side track, where the evidence was wholly undisputed, and it was just as probable that he did not come in contact with the freight cars as that he did, the court held:
"If the probabilities are equally balanced that the accident was produced by a cause for which the defendant is responsible or by one for which he is not, the plaintiff must fail."
In Chaudier v. S. C.L. Co., supra, an award had been made under the Workman's Compensation Act for the death of one employed to remove wood ashes from the pit of a furnace, who was afterwards found at his home in a comatose condition with a cupful of ashes in his stomach, the lye from which killed him. Upon review, a divided court (five to three) held that upon the established facts the inference that the ashes and lye were taken into the stomach of the decedent with suicidal intent is at least as reasonable as that they found entrance to the stomach accidentally, and vacated the award. *Page 499 
The reasons why the rule invoked can have no application to the case at bar are clearly set forth in James v. Robertson, 117 P. 1068, 1072, 39 Utah, 414, at page 428, where Frick, C.J., speaking for the court, said:
"That doctrine applies only where the plaintiff's evidence, when considered alone, has such an effect, or when the jury finds the evidence equally balanced, and not, as appellant's counsel seems to contend, when all of the evidence produced on both sides, some of which is in dispute, is capable of such a construction. The reason the rule is not applicable in the latter event is obvious. There is no law which binds a jury to believe any of the defendant's evidence which conflicts with that of the plaintiff. The doctrine, therefore, ordinarily cannot apply in case of conflicting evidence."
Again, at page 429 (117 P. 1073):
"The law is not that a plaintiff must fail in case the injury of which he complains might have been caused — that is, that there was a possibility that it was caused — by some cause or causes for which the defendant was not responsible, but he must fail only when it is just as probable from the evidence adduced by the plaintiff, or in case the evidence is equally balanced, that the injury was produced by some cause for which the defendant was not responsible, as it is that it was produced by a cause for which he was."
The evidence in behalf of the employe in the case at bar was not open to two inferences of equal probability as to the cause of his disability. The evidence of the fact of injury, followed by the abscess in the knee, which in turn was followed by the infection, by the same kind of bacteria, of the hip joint, together with expert opinion evidence that the latter resulted from the former, is substantial evidence and a "satisfactory foundation" for the finding that the injury was the cause of the disability. See Murray City v. Ind. Com., 183 P. 331,55 Utah, 44; Bingham Mines Co. v. Allsop, 203 P. 644,59 Utah, 306; Milford Copper Co. v. Ind. Com., 210 P. 993,61 Utah, 37.
The objection that the finding of the commission violates the rule against basing one inference or presumption upon another cannot prevail. The rule itself has its qualifications and limitations (Johnson v. Silver King C.M. Co., 179 P. 61,54 Utah, 34; Indian Creek C. M. Co., v. Calvert, 119 N.E. 519, 120 N.E. 709, 68 Ind. App. 474); but, whatever *Page 500 
they may be, the case in hand is not one to which the rule can properly be applied. The blow on the employe's knee and the abscess at the wound were so directly connected with each other, and their relationship so obvious, natural, and necessary, as to merge them all together into one established fact. But, even if the cause of the abscess rests upon inference, the objection made fails, because the later inference that 3
the hip infection resulted from the abscess at the knee is not based alone upon the first inference, but is aided by the independent proof of the identity of bacteria in the two lesions, and the expert evidence that the hip infection would naturally result from the abscess. When all the facts and circumstances are considered, the causal connection between the accident and disability is sufficiently proved.
The further contention that the award should be annulled for failure of the Industrial Commission to make a specific finding of fact as to whether the hip infection was 4
prior or subsequent in time to the abscess at the knee is without merit. The Industrial Commission is not required to make specific findings. Moray v. Ind. Com., 199 P. 1023,58 Utah, 404; Bingham Mines Co. v. Allsop, supra.
The award is affirmed, with costs to defendants.
GIDEON, C.J., and THURMAN, FRICK and STRAUP, JJ., concur. *Page 501