## DALY MINING CO. et al. v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 4421.   Decided July 9, 1926.   (248 P. 125.)

1.. MASTER AND SERVANT—AWARD TO FATHER AS PARTIAL DEPENDENT OF SON MAKING NO CONSIDERABLE NOR REGULAR CONTRIBUTIONS HELD WARRANTED. Evidence that deceased employe helped to support family and assisted his father in developing and paying for land on which family lived *held* to warrant award to father as partial dependent, though deceased made no considerable nor regular money contributions.

2. MASTER AND SERVANT. Amount of compensation does not depend alone on cash contributions by deceased employe, but value or benefits of his assistance may be considered.

3. MASTER AND SERVANT. In proceeding to annul award of Industrial Commission as not supported by substantial evidence, court can consider only whether evidence supports any award.

Original proceeding by the Daly Mining Company and another to annul an award of compensation by the Industrial Commission of Utah to Guy L. Shoemaker for the death of Harley E. Shoemaker, employe.

AWARD AFFIRMED.

*Young, Boyle & Moyle* and *J. M. Christensen,* all of Salt Lake City, for plaintiffs.

Corpus Juris-Cyc. References:
[1]   Workmen's Compensation Acts C. J. p. 62 n. 85.
[2]   Workmen's Compensation Acts C. J. p. 58 n. 44.
[3]   Workmen's Compensation Acts C. J. p. 122 n. 40.

*H. H. Cluff*, Atty Gen., and *J. Robert Robinson*, Asst. Atty. Gen., for defendants.

FRICK, J.

This is a proceeding to annul an award made by the Industrial Commission of Utah, hereinafter called Commission.

The plaintiff Daly Mining Company is engaged in operating a metal mine at Park City, Utah, and in its operation employs a large number of men. The company and its employes are subject to the provisions of our Industrial Act. The plaintiff United States Fidelity & Guaranty Company was the insurance carrier of the Daly Mining Company at the time of the accident and death of the deceased.

The record discloses that on June 6, 1925, one Harley E. Shoemaker, about 20 years of age, was in the employ of the Daly Mining Company as a timberman, and that on that day, while so employed, was accidentally killed. His father, hereinafter called applicant, in due time filed his application with the Commission, alleging that at the time of the death of Harley the applicant was a dependent of the deceased, within the purview of our Compensation Act. A hearing was duly had upon such application, after which the Commission made its award in favor of the applicant awarding him compensation for the death of Harley, and entered an order requiring the plaintiffs to pay the award to the applicant.

The plaintiffs, after being denied a rehearing before the Commission, instituted this proceeding in this court praying that the award be annulled. Plaintiffs contend that the award should not prevail for the reason that it is not supported by any substantial evidence. Therefore the only question for determination is whether the award is supported by any substantial evidence.

The facts are very simple, and are not in dispute. The record discloses that the applicant is a mechanic, and for many years had been employed as such; that some time prior to the death of Harley the applicant purchased some wild land in Utah county, together with a water right to irrigate

the same, and moved his family, of which Harley was a member, on the land in question for the purpose of clearing the same of the wild sage growing upon it, and to bring the same under cultivation. When the land was purchased the applicant did not have sufficient means to pay for the same, and paid only a part of the purchase price, and secured the unpaid purchase price by executing a mortgage which constituted a first lien upon the land. After the family had moved on the land Harley lived with the family and worked on the land clearing off the sage brush little by little, and some time before his death had made some of the land fit for cultivation. During that time the applicant was working at his trade trying to earn sufficient money to keep up the payments on the land and thus prevent the mortgage from becoming effective. The land it seems had not reached that state of development where it could be depended upon for an income, except that through Harley's efforts, with the assistance of the family, it had produced some vegetables which were used in supporting the family, which consisted of the applicant, his wife, and six minor children, Harley being one of them. There was also an older son, but he had enlisted and become a soldier in the military service of the United States. Harley entered the employ of the Daly Mining Company only a few days before he was accidentally killed, as before stated.

Respecting Harley's relation to the family and what he did, the applicant in substance testified:

"If it hadn't been for his (Harley's) assistance I would have lost my farm. While the boy was working on the farm I was away working in order to make up these assessments. We were redeeming this farm from a barren waste, and close to seven years prior to his death he stayed there and worked on the farm while I have furnished additional aid to carry it along and keep it going. There was no particular agreement between us when he went to Park City, any more than finances were getting low, and he thought that by going away for a while, while work was not very busy, he could assist in getting some money to help me out of the 'straits' that we were in at that time."

Harley's mother also testified at the hearing, and she in substance said:

"I am 43 years of age. Before Harley went to Park City he was living on the farm with me. He did everything that a father or brother would do. He worked and took the place of a man and did everything. He used to haul water every day for our stock and ourselves. He hauled all we used. He grew some potatoes. It was absolutely, necessary to have him do the work. My husband's eyes were very poor. I think that by taking my children on the farm it enabled us to enjoy a higher standard of living."

There was some additional evidence to the same effect, to which it is, however, not necessary to refer.

Upon substantially the foregoing facts the Commission made its award in favor of the applicant.

While it is true the evidence does not disclose that the deceased made any considerable contributions of money, and that he did not make any regular contributions to the applicant for the support of the family, yet the evidence is nevertheless clear that he helped to support the family, and that the applicant, to some extent at least, was dependent upon and relied on the assistance of deceased in developing and paying for the land upon which the family lived. The evidence is also such that the Commission was justified in inferring that deceased, had he continued to live, would have continued to assist the applicant in paying for the land and in developing the same so as to make it productive in the future. Can it be successfully contended therefore that, in view of the foregoing facts, all of which are without dispute, the applicant was not at least partly dependent upon the deceased?

As pointed out in the case of *Utah Fuel Co.* v. *Ind. Comm. and Catherine Pelley et al.* (Utah) 245 P. 381, the amount of compensation does not depend alone upon any cash contributions that may have been made by the deceased person, but that the value or benefits of the assistance rendered by him may always be taken into consideration in determining the amount of compensation that should

be made in the particular case. In this respect, every case must necessarily depend upon its own facts and circumstances, and no hard and fast rule can be laid down respecting the matter.

As already suggested, however, the only question we can consider is whether the evidence supports any award. No complaint is made that the compensation awarded should have been less. The only contention is that · 3 there should have been no compensation awarded at all.

In view of the undisputed facts and circumstances of this case, we cannot say that no award whatever should have been made. It follows, therefore, that the award in favor of the applicant should be and it accordingly is affirmed, with costs.

GIDEON, C. J., and THURMAN, CHERRY, and STRAUP, JJ., concur.