## JOHN SCOWCROFT & SONS CO. et al. v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 4549.   Decided July 9, 1927.   (258 P. 339.)

*Henry Moyle* and *J. M. Christensen,* both of Salt Lake City, for plaintiffs.

*Harvey H. Cluff,* Atty. Gen., and *J. Robert Robinson,* Asst. Atty. Gen., for defendants.

GIDEON, J.

This is a proceeding to review an award of the State Industrial Commission in favor of the defendant John Tingen for the death of his minor son Henry N. Tingen. Two contentions are made on the part of the plaintiffs here: First, Is there competent evidence in the record to support

the commission's finding that the father was dependent upon the son at the date of his death; and, second, do the facts and circumstances revealed by the record authorize or justify the commission in making an award in the maximum sum allowed in cases of total dependency? Compensation is claimed under subdivision 3 of section 3140, Comp. Laws Utah 1917, as amended by chapter 67, Laws Utah 1921. That subdivision is set out in full in the case of *Utah Fuel Co.* v. *Ind. Comm.* (Utah) 245 P. 381, 45 A. L. R. 882, hereinafter referred to.

It appears that the deceased son was of the age of 17 years at the time of his death; that the father was employed at a coal yard in Ogden at a monthly salary of $100. The defendant Tingen was the father of three children by a former marriage. His present wife was a widow at the time of their marriage and she had three children by her former marriage. There was one stepson also of the age of 17 years. The stepson was employed as a helper in the railroad shops at Ogden, and had a daily wage in excess of $2. The defendant John Tingen was married to his present wife four years ago. It further appears at the time of the marriage the defendant Tingen owned a home, and his wife likewise owned a home. After the marriage, the family resided together. The defendant sold his home, and the family moved into the home of the wife. By agreement or understanding between the father, stepson, and son the home was enlarged, and an indebtedness incurred of approximately $800. It is the testimony of the father that the son and the stepson were to assist in paying off this indebtedness out of their wages. The indebtedness had not been paid at the time of the accident which resulted in the death of the son. The deceased had finished the course in high school in June prior to his death in July. During the four years he attended the high school he earned as wages from selling papers and other duties, as stated by the father, between $4.50 and $5 weekly. This money was turned over to the stepmother. The money received by the stepson was

also given to his mother, and was all used in supporting the family. After the deceased finished high school, he sought employment, and on July 1st went to work for the plaintiff John Scowcroft & Sons Company. The United States Fidelity & Guaranty Company was the insurance carrier for that company, and joins in the petition for the writ of review issued in this case. The deceased was employed as an office boy by the Scowcroft Company, and entered the employment on a salary of $40 per month. This firm pays its employees on the 1st and 15th of each month. On the 15th of the month the firm increased the salary of the deceased to $45 per month, and that was his wage at the time of his death, working 5½ days per week. The testimony of the father is that, after his son was employed by the Scowcroft Company, all wages received by him were paid over to the stepmother. He also testified that the son assisted in cutting the lawn, cleaning up, and weeding the garden; and other work of a like nature about the home. On cross-examination this question was asked the father: "During that time he was going to school, is it not your opinion he was not making enough money to board himself?" He answered, "No, I don't think he was."

On substantially this evidence the commission made a finding "that the decedent, prior to his death, assisted his father in maintaining the home, and his father was partially dependent upon Henry N. Tingen, the deceased herein named, for his maintenance and support; that at the date of his son's death he relied upon and expected his son, the decedent herein named, to help maintain the home."

The commission concluded that, taking into consideration the age of the decedent at the time of his death, compensation should be paid to the father John Tingen in the sum of $5.98 per week, and in its order directed that the employer or the insurance carrier pay to the father the sum of $5.98 per week for a period of not exceeding 312 weeks, and directed that all accrued payments from the date of the death, July 23, 1926, be paid in a lump sum.

As indicated herein, the findings, conclusions, and order of the commission are assailed on two grounds, namely, that there is no competent evidence to show dependency, and the award is excessive. There is substantial competent evidence in the record, in our judgment, to support the finding of partial dependency. It is true that during the time the deceased was attending high school his contributions to the support of the family were not sufficient for his own maintenance; there is, however, evidence of certain indebtedness having been incurred in improving the home and buying a piano, based upon an agreement or understanding between the father, son, and stepson that the son and stepson would assist in paying such indebtedness from their earnings. It is also in the record that, not only did the deceased son pay into the family fund the money he earned while attending high school, but that he paid into that fund the salary earned by him during the month of June after completing high school, and also the salary he received from the employment in which he was engaged at the date of his death. There is likewise testimony tending to show that the deceased son rendered services around the home in the way of weeding the garden, taking care of the lawn, and like work. These facts support a finding of partial dependency. *Ogden City* v. *Ind. Comm.* 57 Utah 221, 193 P. 857; *Daly Min. Co.* v. *Ind. Comm.* (Utah) 248 P. 125; *Utah Fuel Co.* v. *Ind. Comm.* (Utah) 245 P. 381, 45 A. L. R. 882.

The commission in its order directed the employer, or the insurance carrier, to pay to the father, John Tingen, $5.98 per week for a period not exceeding 312 weeks.

Plaintiffs complain that there is neither findings nor evidence in the record upon which the commission could base its order directing the payment of the specific amounts named in the order.

This court has had occasion heretofore to consider a similar question to the one presented in the instant case. Certain general rules that should guide the commission in

arriving at the amount of an award, under facts and conditions such as are shown in this record, are stated in the opinion in *Utah Fuel Co.* v. *Ind. Comm.*, supra. In that case the court had under review the claim of a mother for the death of her son. The applicant's husband and son were both killed in an accident in the coal mine operated by the company. The mother had been awarded full compensation for the death of her husband. Afterwards she made an aplication for compensation as a dependent of her son. The court, in the course of its opinion, in discussing the basis which should control the commission in making an award, said:

"We are of the opinion that the doctrine announced by the House of Lords, in the case of *Tamworth Colliery Co.* v. *Hall*, 4 B. W. C. C. 313, should be applied in cases like the one at bar. It is there held that, while the cost of maintaining the minor should be deducted from his gross earnings upon the one hand, upon the other hand assistance that he may have rendered the parent, the manner of living in the home, and all other circumstances should be taken into account in determining the actual benefits received by the parent and the actual loss sustained by him by reason of the death of such minor. * * * As pointed out by the Supreme Court of Minnesota, however, in *Pushor* v. *American Ry. Exp. Co.*, supra [149 Minn. 308, 183 N. W. 839] such estimates are not always trustworthy nor conclusive. As there suggested, and as pointed out in the case cited from the House of Lords, supra, the commission, in fixing the amount that should be awarded, should consider the case from every point of view, and, while the actual cost of maintenance should be deducted, the parent should also be allowed the benefits he received from the deceased, either by way of contributions or from his labors. That, in our judgment, is the true doctrine. * * *

"The commission in such cases, therefore, may not indulge any presumptions, but must be governed entirely by the facts in each case. In this case, therefore, the commission should have carefully considered the cost of maintaining the deceased son in connection with the cost of maintaining the whole family, and should also have considered to what extent he assisted his mother in maintaining the household and the pecuniary benefits, if any, she derived from such assistance, and should have determined the monetary value of all the foregoing elements, and, after doing that, it should have deducted the actual cost of maintenance therefrom, and the differ-

ence remaining, if any, should have been taken as the basis for fixing the amount of the award."

In the instant case the record contains no testimony which with any definiteness indicates the amount required for the support of the deceased son, nor what amount would remain after deducting the expenses of such support from the gross amount of his earnings. Neither is there any finding upon these questions. Without some findon these particular questions, or at least some testimony that would justify findings, it must be apparent that the commission exceeded its power and jurisdiction in fixing the amount of the award. The commission is, and should be, given wide discretion in determining the amount of an award in any particular case. This right and privilege of the commission was pointed out by this court in the *Utah Fuel Co.* case, supra, and in numerous other cases. But manifestly an award and the amount of an award must have some basis in the findings of the commission, and such findings must be supported by some competent evidence, or there must be some substantial competent evidence in the record on which a finding could be made that would support the award.

By reason of the liberal discretion vested in the commission by the Industrial Act it is with some reluctance that we interfere with its orders in fixing the amount of an award in this case, but we cannot escape the conclusion that the parties to the proceeding before the commission, the same as parties before a court of law, are entitled to have any judgment or order entered against them supported by competent proof. We fail to find any evidence in the record before us that will justify the award made.

In support of the claim that the commission was justified in making the award, defendants cite the following cases: *Ogden City* v. *Ind. Comm.,* supra; *Daly Min. Co.* v. *Ind. Comm.,* supra; *Utah Fuel Co.* v. *Ind. Comm.,* supra.

It will be found upon an examination of the opinions in those cases that the question of the amount of the award or the basis upon which the award, under facts similar to those we have here, were not considered or discussed.

It is expressly stated by the court in the *Daly Min. Co.* case, that:

"No complaint is made that the compensation awarded should have been less. The only contention is that there should have been no compensation awarded at all."

Apparently no other case has discussed the particular question here under consideration except the *Utah Fuel Co.* case, supra.

It quite conclusively appears from the testimony that the deceased son desired to complete his education by attending some college or university, and it also appears that the father anticipated that the deceased son would in a few years, as he acquired the necessary means, go away from home and attend some school of higher education. These facts, in connection with all the other facts and circumstances in the case, should be considered by the commission in determining the amount and duration of the award. In other words, the spirit of the compensation act is that the dependent should be compensated for the actual loss sustained as nearly as that fact can be determined, and the employer should not be required to pay any greater amount.

It follows from what has been said that the award must be annulled. Such is the order.

THURMAN, C. J., and CHERRY and HANSEN, JJ., concur.

STRAUP, J. I concur. I think the father was not even a dependent, within the act. That the deceased cut the lawn, did chores, and turned small earnings over to his stepmother, which were used in household expenses of the whole family, did not in itself make the father a dependent.