# PARK UTAH CONSOLIDATED MINES CO. et al. v. INDUSTRIAL COMMISSION et al.

No. 5248.  Decided October 19, 1934.  (36 P. [2d] 979.)

482

*Irvine, Skeen & Thurman* and *M. C. Faux,* all of Salt Lake City, for plaintiffs.

*Geo. P. Parker,* Attorney General, and *E. D. Sorenson,* of Salt Lake City, for defendants.

McCONKIE, District Judge.

On June 30, 1929, while regularly employed by the Park Utah Consolidated Mines Company at a wage of $38.50 per week of 7 days, Orson Cliff of Heber City, Utah, age 19 years, was accidentally injured by a rock which rolled upon his right leg and which necessitated the amputation of that member, and which, on April 16, 1931, due to resulting complications, caused his death. The accident arose out of or in the course of his employment. The United States Fidelity

& Guaranty Company was the insurance carrier of the mining company, and immediately after the accident assumed liability and paid compensation until decedent's death, aggregating $1,476.57. Decedent left surviving a widowed mother, Geneva B. Cliff, age 43 years, who petitioned for compensation on behalf of herself, her four minor children, Wilson, Gladys, Nellie and Geneva, aged 16, 14, 11, and 10 years, respectively, and Anna Burgener, petitioner's mother, who was 75 years of age, and who lived with, and depended upon, applicant for support. The sole issue raised both before the commission and here is whether the decedent, at the time of his injury, had any person or persons wholly or partially dependent upon him for support, and, if so, the degree of such dependency. The insurance carrier denies that dependency existed at the time of the accident. This opinion recites facts necessary to an understanding of the case, and considers the objections noted in their order. Before doing so, and to avoid repetition, we repeat and reaffirm a few apothems, the more serious cogitation of which would relieve us of so frequent enouncement of principles collated again and again.

Our Compensation Act (Rev. St. 1933, 42-1-1 et seq.) is a beneficent law, passed to protect employees and those dependent upon them; to damnify certain persons because workmen cease to earn wages, *House of Lords, New Mockton Collieries, Ltd.,* v. *Keeling,* 4 B. W. C. C. 332, and to provide workmen's dependents with something in substitution for what they lost by the workmen's death, *Utah-Apex Mining Co. et al.* v. *Industrial Commission,* 64 Utah 221, 228 P. 1078; *Woldberg* v. *Industrial Commission,* 74 Utah 309, 279 P. 609. The clear intention of the Legislature was "to substitute a more humanitarian and economical system of compensation for injured workmen or their dependents in case of their death," which the more humane and moral conception of our time requires, *Gonzales* v. *Chino Copper Co.,* 29 N. M. 228, 222 P. 903, 904. The act affords, through administrative bodies, injured

industrial workmen or their dependents simple, adequate, and speedy means of securing compensation, *Utah Fuel Co.* v. *Industrial Commission,* 57 Utah 246, 194 P. 122, to the end that the "cost of human wreckage may be taxed against the industry which employs it," *Salt Lake City* v. *Industrial Commission,* 58 Utah 314, 199 P. 152, 154, 18 A. L. R. 259; *Globe Grain & Milling Co.* v. *Industrial Commission,* 57 Utah 192, 193 P. 642, which tax or burden is added to the price of the produce and is ultimately paid by the consumer, *Utah Copper Co.* v. *Industrial Commission,* 57 Utah 118, 193 P. 24, 13 A. L. R. 1367; *American Fuel Co.* v. *Industrial Commission,* 55 Utah 483, 187 P. 633, 8 A. L. R. 1342. Thus the Legislature sought to promote the public welfare by relieving society of the support of unfortunate victims of industrial accidents, *Reteuna* v. *Industrial Commission,* 55 Utah 258, 185 P. 535; *Amalgamated Sugar Co.* v. *Industrial Commission,* 75 Utah 556, 286 P. 959; *Industrial Commission* v. *Agee,* 56 Utah 63, 189 P. 414, and to avoid the necessity of the employee's dependents becoming objects of public charity. If there is any doubt "respecting the right to compensation, such doubt should be resolved in favor of the employee or of his dependents as the case may be." *Chandler* v. *Industrial Commission,* 55 Utah 213, 184 P. 1020, 1022, 8 A. L. R. 930. The law is predicated on the police power inherent in every sovereignty—the power to legislate and to govern for the best interests of the state. *Utah Fuel Co.* v. *Industrial Commission,* 57 Utah 246, 194 P. 122; *Honnold, Workmen's Compensation,* § 12, p. 58; *Spring Canyon Coal Co.* v. *Industrial Commission,* 74 Utah 103, 277 P. 206.

Plaintiff insists:

(1) That the evidence does not support the finding that the decedent, at the time of the injury, was contributing to his mother and to his dependent brother, sisters, and grandmother a monthly sum entitling them to the maximum amount provided by the Industrial Act. Notwithstanding

erudite argument, it must yield to the record. The undisputed evidence was that decedent was employed by the mining company for a month at $165, or $38.50 a week, and that out of the last 2 weeks' pay he contributed at least $73 to his dependents, which contribution was for their support. Such contribution justified a maximum award, and was in keeping with the circumstances and conditions of dependency existing at the date of the injury, and is consistent with the general provisions of the act.

(2) That the evidence was not sufficient to support a finding of necessity of contribution. It seems daft and unjuristic, certainly malapropos, that this court should be required to repeatedly expostulate with legists about principles so well established, and to so frequently reaffirm that the findings and conclusions of the commission on questions of fact are conclusive and final and are not subject to review, *Utah Fuel Co.* v. *Industrial Commission,* 76 Utah 141, 287 P. 931; *Heiselt Const. Co.* v. *Industrial Commission,* 58 Utah 59, 197 P. 589, 15 A. L. R. 799, and that they cannot be disturbed unless it appears as a matter of law that they are contrary to law and contrary to the evidence. We cannot weight conflicting evidence, nor direct which of two or more reasonable inferences ought to be drawn from evidence not in conflict. *Tintic Milling Co.* v. *Industrial Commission,* 60 Utah 261, 207 P. 1114; *Utah-Idaho Sugar Co.* v. *Industrial Commission,* 71 Utah 190, 263 P. 746; *Parker* v. *Industrial Commission,* 78 Utah 509, 5 P. (2d) 573; *McVicar* v. *Industrial Commission,* 56 Utah 342, 191 P. 1089; *Geo. A. Lowe Co.* v. *Industrial Commission,* 56 Utah 519, 190 P. 934; *Adams* v. *Industrial Commission,* 67 Utah 157, 246 P. 364; *Standard Coal Co.* v. *Industrial Commission,* 67 Utah 292, 247 P. 298; *Hauser* v. *Industrial Commission,* 77 Utah 419, 296 P. 780; *Chief Consolidated Min. Co.* v. *Industrial Commission,* 78 Utah 447, 4 P. (2d) 1083; *Moray* v. *Industrial Commission,* 61 Utah 409, 213 P. 797; *Alexander* v. *Industrial Commission,* 61 Utah 430, 213 P. 1078; *Combined Metals Reduction Co.* v.

*Industrial Commission,* 74 Utah 247, 278 P. 1019; *Higley* v. *Industrial Commission,* 75 Utah 361, 285 P. 306; *Bain* v. *Industrial Commission,* 58 Utah 370, 199 P. 666. In the determining of facts, the conclusions of the commission are like the verdict of a jury, and will not be interfered with by this court when supported by some substantial evidence. *Kavalinakis* v. *Industrial Commission,* 67 Utah 174, 246 P. 698.

A dependent is one who looks to another for support, and the true criterion is whether one has a reasonable expectation of continuing or future support—to receive such contributions as are necessary and needed to maintain him in his accustomed station in life. *Hancock* v. *Industrial Commission,* 58 Utah 192, 198 P. 169; *McGarry* v. *Industrial Commission,* 63 Utah 81, 222 P. 592; *Utah-Apex Mining Co.* v. *Industrial Commission,* 64 Utah 221, 228 P. 1078. The question of dependency is primarily a question of fact, and the commission's findings upon it must stand if there is any substantial evidence to support them. There is no exact scale or standard to measure the "degree of proof which will suffice to support a particular conclusion of fact." *Daly Mining Co.* v. *Industrial Commission,* 67 Utah 483, 248 P. 125. The proper course is to look to all the circumstances and to say to what extent, if at all, dependency exists.

By close adherence to correct principles darkened mists are dissipated. Thus with the fundamentals enumerated in mind it becomes apparent that the evidence fully justified the commission's findings upon the question of necessity. At the time of decedent's injury the applicant was convalescing from a prolonged illness of pneumonia, acute laryngitis, and mastoid infection. She was nervous; was unable to control the use of her limbs in walking; and had eye trouble. Her son Wilson wore one artificial eye and suffered impairment of sight in the other. He was unhealthy and illy prepared to render her aid. Various maladies rested heavily upon all the children. Whenever

Nellie ate food or drank water or exercised she suffered pain. The grandmother was feeble and indigent. The mother was without financial means sufficient to enable her to consult or employ medical or surgical aid. Although she earned an average wage of $100 per month as county treasurer of Wasatch county, she was compelled to accept charitable aid. She owned a home valued at $2,000, on which there was a mortgage indebtedness of $1,223.69. Other debts raised the total to $2,522.42. Her stove and linoleum were the only household items of value. Old and unsuitable sanitary couches and springs supported by wooden blocks and the floor were their only accommodation for rest. Decadence was everywhere about. They ate sparingly of bread, milk, cereals, bacon, potatoes and gravy. The legal principles involved, when applied to the undisputed testimony, makes patent the necessity for contribtuion.

(3) That the decedent's employment was but temporary. Benefits are computed upon "the average weekly wages" of the injured person at the time of the injury, R. S. Utah 1933, 42-1-70, as the statute assumes that they would have indefinitely continued. *Uintah Power & Light Co.* v. *Industrial Commission,* 56 Utah 169, 189 P. 875. The commission found that decedent was regularly employed by the mining company, but the sufficiency of the evidence to support such finding is challenged. Plaintiffs rely on the case of *John Scowcroft & Sons Co.* v. *Industrial Commission,* 70 Utah 116, 258 P. 339, 341, but a cursory examination of that case clearly, we believe, distinguishes it. In that case the decedent son desired to, and the father anticipated that he would, attend a college or university. In the case at bar the decedent had such ambition, but "the thing that was uppermost always up to the time he died was to help" his mother, which anxiety was "all the time" upon him. That was his paramount concern. In the Scrowcroft Case the petitioner had incurred an $800 indebtedness to enlarge his home, which decedent, his 17 year old son, agreed to help pay but did not do so, although he earned

small sums. After he finished high school, he earned $40 and $45 per month working for John Scowcroft & Sons Company, all of which, as well as the small sums earned, he gave to his stepmother, who used them in supporting the family. He did not contribute any sum at any time to the petitioner. The fact that he gave small sums to his stepmother, who used them for household expenses, in the language of Mr. Justice Straup, "did not in itself make the father a dependent."

In the case at bar the decedent was frugal, industrious, and temperate. At age 11 he began working after school, on Saturdays, and during vacations, and gave all his earnings to his mother. He continued such course, with some variance in employment, but always giving substantially all his earnings to his mother, until the day of the accident, after which he gave his compensation checks to her. The commission found it to be a fair inference that he would have continued his contributions for an extended period of time in the future. We believe that the evidence fully justifies the conclusion.

(4) That at the time of the injury the decedent was boarding with the mother, in the family with the grandmother and four minor children, and that there is no evidence whatever to show the cost of the son's board, and that until a determination of that fact has been made there can be no basis for fixing the amount of the award; that the commission had evidence only as to the gross contribution.

The case of *Utah Fuel Co.* v. *Industrial Commission,* 67 Utah 25, 245 P. 381, 386, 45 A. L. R. 882, is relied on. In that case Thomas Pelly, Sr., and Thomas Pelly, Jr., father and son, were killed by a gas explosion while in the course of their employment. On behalf of herself and her five minor children, Catherine Pelly, the wife and mother, petitioned for compensation because of the death of her husband, and, without taking any evidence, a finding was made by the commission that the widow and children were wholly

dependent upon the decedent father for their support. An award was made by consent. Thereafter petitioner applied for compensation for herself and children because of the death of the son, alleging partial dependency which she subsequently established. The findings of the commission were incomplete, regarding which the court said:

"The commission should have carefully considered the cost of maintaining the deceased son in connection with the cost of maintaining the whole family, and should also have considered to what extent he assisted his mother in maintaining the household and the pecuniary benefits, * * * and should have determined the monetary value of all the foregoing elements, and, after doing that, it should have deducted the actual cost of maintenance therefrom, and the difference remaining, if any, should have been taken as the basis for fixing the amount of the award."

But, notwithstanding both the commission's failure to so find and the court's views, the court searched the record, examined the testimony, deduced the facts, and applied its own mathematics, and determined that, notwithstanding an award of $16 per week, after the cost of maintaining the son was deducted, his contribution was not more than $121.60 a year, or $10.13 a month. The court continued:

"While, under the evidence, the amount awarded by the commission is excessive, it, in our judgment, is nevertheless not as greatly in excess as plaintiff contends it is. While we have neither the power nor the inclination to determine the amount that should be awarded, yet we have no hesitancy in stating that, in view of the whole evidence as it now stands, a weekly allowance of some amount less than the maximum should have been made."

We adhere to and reaffirm what was there said, and assert that a compliance upon the part of the commission would relieve this court of such burdens as the present, but we have also said:

"We find no express requirement in the act that such a finding is necessary to a valid award, and in any event we cannot conceive of any good reason why an award should be set aside by reason of such failure and the case referred back to the commission." *Geo. A. Lowe Co.* v. *Industrial Commission,* 56 Utah 519, 190 P. 934, 936.

In the case of *Bingham Mines Co.* v. *Allsop*, 59 Utah 306, 203 P. 644, 645, this court further said:

"We have repeatedly suggested to the Commission that it is advisable to make findings of the ultimate facts in each case, but we have never held, and do not now hold, that such findings are essential to a valid award."

This court has never departed from that principle, and refuses now to be incased in any incomplete or desultory compendium of what we have written. Even though no findings are made, the court will, in proper cases, examine the record to determine whether the award ought to be annulled. *Twin Peaks Canning Co.* v. *Industrial Commission*, 57 Utah 589, 196 P. 853, 20 A. L. R. 872; *Combined Metals Reduction Co.* v. *Industrial Commission*, 74 Utah 247, 278 P. 1019; *Broton* v. *Industrial Commission*, 61 Utah 70, 210 P. 982. This is the law of this jurisdiction, and to circumscribe ourselves within a narrower limitation would not be consonant with our former decisions; would befog the beneficent purposes of the law; and would defy both legal reasoning and common sense. The bare statement of the proposal reveals the vice of it.

Evidence should be liberally construed in favor of injured workmen and their dependents, *Ogden City* v. *Industrial Commission*, 57 Utah 221, 193 P. 857; and may properly rest upon probabilities, *Bingham Mines Co.* v. *Allsop*, supra. It need not be direct or positive. Facts may be inferred from circumstances, provided the inference is reasonable and legitimate. *Aetna Life Ins. Co.* v. *Industrial Commission*, 64 Utah 415, 231 P. 442; *Cudahy Packing Co.* v. *Brown*, 61 Utah 29, 210 P. 608; *Dearden* v. *San Pedro, L. A. & S. L. R. Co.*, 33 Utah 147, 93 P. 271; *Perrin* v. *Union Pacific R. Co.*, 59 Utah 1, 201 P. 405; *Denver & R. G. W. R. System* v. *Industrial Commission*, 66 Utah 494, 243 P. 800. The decedent lived and boarded in the family with six others. The commission made no finding as to the cost of his board, although the record discloses that at school he and one companion rented an apart-

ment and prepared their own food at a total expense of $10 per month for each person. When three so lived, the cost was reduced.

In the Utah Fuel Co. Case the court said that it did not follow that the cost of maintaining a family was necessarily increased in proportion to the fractional relationship that the member bore to the rest of the family; that

"it is a matter of common knowledge that, where the household is maintained and provided for, consisting of several persons, that to add one more does not necessarily increase the cost of maintenance in the proportion to the one or more added."

If it did, the cost of decedent's board and keep in this case could not have exceeded $3.88 per week, which would leave a net contribution of $32.62. Although the findings and conclusions are incomplete, there is testimony from which these facts may properly be inferred. Some other objections were raised, but the views herein expressed sufficiently cover the whole case and support the award.

The award is affirmed.

STRAUP, C. J., and ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.

MOFFAT, J., did not participate herein.