[Civil No. 3600. Filed July 8, 1935.]

[47 Pac. (2d) 428.]

E. J. FOSTER, Petitioner, v. INDUSTRIAL COMMISSION OF ARIZONA, J. NEY MILES, HOWARD KEENER and L. C. HOLMES, as Members of the Industrial Commission of Arizona, RIO GRANDE OIL COMPANY, a Corporation, and LUCIEN OWENS, Respondents.

Mr. W. E. Ferguson, for Petitioner.

Mr. Don C. Babbitt and Mr. Emil Wachtel, for Respondent Industrial Commission.

Mr. W. Dean Nutting, for Respondent Lucien Owens.

LOCKWOOD, C. J.—E. J. Foster, hereinafter called petitioner, applied to the Industrial Commission of the state of Arizona, hereinafter called respondent, for compensation for injuries resulting from an accident which he alleged arose during and out of his employment by Rio Grande Oil Company, a corporation, hereinafter called the company, and/or Lucien Owens. The commission, after a hearing, made the following finding of fact: "3. The evidence is insufficient to establish that the above named applicant was an employee of the above named employer, but the evidence does establish that the applicant was in the employ of F. V. Barber, an independent contractor, employing less than three em-

ployees"; the finding and award being entitled "E. J. Foster, Applicant, v. Rio Grande Oil Company, Defendant Employer, and the Industrial Commission of Arizona, Defendant Insurance Carrier." Upon such finding it was ordered that the proceedings be dismissed for lack of jurisdiction. Application for rehearing was duly made, the principal objection being that the findings and award did not attempt to dispose of the liability of Lucien Owens, and it was alleged that he was the true employer of petitioner. The commission considered the matter, and the petition for rehearing was denied, whereupon petitioner brought the matter before us for review.

There are some four assignments of error raising two questions: The first, Was it necessary, in order to sustain an award denying the petition, that the commission specifically find that petitioner was not an employee of Owens? And the second, Is there evidence to sustain the finding that he was in the employ of one F. V. Barber, an independent contractor who employed less than three employees?

 The Compensation Law of this state (Rev. Code 1928, § 1391 et seq.) does not expressly require that the Industrial Commission make specific findings in a case like this. In this respect it follows the law of Utah, and the Supreme Court of that state has held that, while it is advisable that complete findings should be made, they are not essential to a valid award. *Bingham Mines Co. et al.* v. *Allsop et al.*, 59 Utah 306, 203 Pac. 644; *Denver & R. G. W. R. System* v. *Industrial Commission,* 66 Utah 494, 243 Pac. 800. We are of the opinion that it is not essential under our statute that specific findings of fact be made on every issue which might be involved in a hearing, provided that the findings as made are of such a nature that they necessarily dispose of all the material issues involved.

In this case there is an affirmative finding that the evidence establishes that the petitioner was in the employ of F. V. Barber, an independent contractor who employed less than three employees. We think that this is equivalent to a finding that he was not in the employ of Owens or the Rio Grande Oil Company, and was sufficient to sustain the award.

The only other question is whether or not the finding of the commission that petitioner was in the employ of Barber was sustained by the evidence. We have carefully examined the reporter's transcript of evidence. Petitioner testified fully and directly that his only relations were with Barber, the latter having hired him, directed him, and paid him his compensation, and that he had no knowledge of the relations existing between Barber, Owens and the Rio Grande Oil Company, except that he was working on a building occupied by Owens in which the latter handled Rio Grande Oil Company products. Barber testified that he employed petitioner to assist him in building a porch for the building above referred to, and that the porch was built under the terms of a contract with Owens, whereby the latter furnished the material for the porch, while Barber furnished all the labor at a fixed price. He also testified that the only control Owens had over the work was as to the result, and not as to the manner in which the result was reached. Owens testified to the same effect, and also that the Rio Grande Oil Company had nothing whatever to do with the matter. We are satisfied that the evidence shows beyond any reasonable doubt that Barber was an independent contractor furnishing labor to Owens, and, since admittedly he had less than three employees, the injury to petitioner did not come under the terms of the Compensation Law.

There is no doubt that petitioner was seriously injured and suffered considerable loss by reason of an

accident which occurred to him while he was engaged in working on the porch above referred to, but the statute has failed to give him any compensation for injuries received under the circumstances shown by the evidence, and we cannot add to the terms of the act. The award is affirmed.

McALISTER and ROSS, JJ., concur.